MULDROW v. CALDWELL, Administrator.

AUG. TERM.
1842.

1. It is a general rule, that in declaring on written instruments it is sufficient to set out their legal effect, and in ascertaining their legal effect reference will be had to the presumed intention of the parties. Therefore, where M. together with others, executed a note payable to himself or order, and afterwards endorsed the note to C, it was held to be the promissory note of M. and that C. might declare in debt against M. alone, as the maker of the note, and that it was not necessary to aver any consideration in the declaration.

2. The sixth section of the statute concerning "Bonds and notes," makes notes drawn in the manner therein prescribed, negotiable as inland bills of exchange; it does not avoid those not drawn as therein directed, but only takes away their negotiability as inland bills of exchange, that is, the holder of such notes will take them subject to any defence the maker might have had against them, and without any right to damages in the event of their being dishonored.

Muldrow
v.
Caldwell.

Error to the Marion Circuit Court.

GLOVER AND CAMPBELL for Plaintiff.

Opinion of the Court, delivered by Scott, Judge.*

Calwell brought an action of debt against Wm. Muldrow, the plaintiff in error, on the following instrument:

$7,500·                                    AUGUST 4, 1837.

One hundred and twenty days after date we, or either of us, promise to pay to William Muldrow, or order, seven thousand five hundred dollars. for value received, without defalcation.

JOHN McKEE,
WM. WRIGHT,
URIAL WRIGHT.
REDICK McKEE.
WM. MULDROW.

On the said note was the following endorsement:
"Pay the within to James Caldwell, sen.

"WM. MULDROW."

---

*Napton, Judge, absent from the bench,

AUG. TERM.
1842.

Muldrow
v.
Caldwell.

The declaration was agains: Muldrow alone, and alleged that the note was payable to his order.

The general issue was pleaded, and judgment was rendered for Caldwell.

On the trial it was objected, that there was a variance between the note sued on and that in the declaration, inasmuch as the note is made payable to Wm. Muldrow, or order, and the declaration alleges that the note was payable to the order of Muldrow only.

It is a general rule, that in declaring on instruments it is sufficient to set out their legal effect. What was the legal effect of the instrument declared on? When here is any ambigui y or uncer ainty in the terms of the ins rument, it may, especially against the party negotiating or making it, be so construed as to give effect to it according to the presumed intention of the par ies ; and, therefore, vhere a no e was drawn in these terms : "Borrowed of J. S. fif y dollars, which I promise never to pay," it was held the word "never" might be reje ted. In the case of Edis v. Bury, 6 B. and C., 433, the instrument sued upon was drawn by John Bury, and made payable to himself or order, and endorsed by him ; the name of Grutherot was written across it. The ins rument was declared on as a promissory note, and the holder re overed. Lord Tenterdon, in delivering the opinion of the court, said, this is an instrument at least of a very ambiguous charac er. In form it is a promissory note, for it contains, in terms, a promise to pay the sum mentioned in it; but then, in the corner of it there is the name of Grutherot, and it appears that his name is also written a ross the instrument. In that respect, although it does not in terms contain a request to Grutherot to pay, yet it resembles a bill of exchange. It is an instrument, therefore, of an ambiguous nature, the law ought to allow the holder at his option to treat it either as a promissory note or bill of exchange. In Major v. Hammond, cited by Bayley, judge, in Harvey v. Kay, 9 B. and C., which was argued before the twelve judges, all of them were of opinion that an instrument might be a bill of exchange, though the drawer and drawee

*It is a general rule, that in declaring on written instruments it is sufficient to set out their legal effect, and in ascertaining their legal effect reference will be had to the presumed intention of the parties. Therefore, where M. together with others, executed a note payable to himself or order, and afterwards endorsed the note to C., it was held to be the promissory note of M and that C. might declare in debt against M. alone as the maker of the note, and that it was not necessary to aver any consideration in the declaration.*

were the same person; and Roach v. Ostler, reported in Man and Key, 120, is authority to show that such an instrument may be treated as a promissory note, and declared on accordingly.

The case of Allen, executor, v. Shadburne, executor, 1 Dana, has been cited and relied on to show that the instrument sued on in the case now under consideration, may be regarded void as to the defendant, and binding on the other parties to it.   In that case it was held by the majority of the court, that a suit may be maintained against a single obligor, upon a writing purporting to be the joint bond of the plaintiff and another, and in effect, the sole obligation of the other.   If this case be law, we do not see its application to the one now before us.   The principles which determine the effect and validity of sealed instruments vary from those which govern bills of exchange and promissory notes.

It is said, that the note is not negotiable within the statute concerning bonds and promissory notes, and therefore the holder cannot maintain an action on it.   The statute makes notes drawn in the manner therein prescribed, negotiable as inland bills of exchange: it does not avoid those not drawn as directed, but only takes away their negotiability as inland bills of exchange; that is, the holder of such notes will take them subject to any defence the maker might have had against them, and without any right to damages in the event of their being dishonored.   The notes will stand as they did at common law. Is there any principle of the common law which avoids such an instrument as is declared on in the record now before us?   In the case of Fenner v. Meers, 2 Black. R. 1269, the obligor, by an indorsement on a respondentia bond, promised to pay the same to such assignee as the obligee should appoint, it was held, the assignee might maintain assumpsit against the obligor.   Here the promise was not made to any person in particular, but generally, to whomsoever the obligee should appoint.   In Weston v. Barker, 12 John R., securities were placed in the hands of Barker to collect and dispose of for certain

The 6th sec. of the statute concerning "Bonds and notes" makes notes drawn in the manner therein prescribed, negotiable as inland bills of exchange; it does not avoid those not drawn as therein directed, but only takes away their negotiability as inland bills of exchange; that is, the holder of such notes will take them subject to any defence the maker might have had against them, any without any right to damages in the event of their being dishonored.

purposes, and to hold the balance subject to order. The owners of the securities drew on Barker in favor of a third person, and it was held, that the party in whose favor the order was drawn, might maintain an action against Barker. That Barker, by accepting the trust had promised to pay to whomsoever the depositors should direct, and an action might be maintained against him. In good sense and sound principle there is no difference whether the plaintiff was originally named, or afterwards designated according to the terms of the defendant's undertaking. The promise was to hold the balance subject to the order of the depositors. So soon as such order was given, the promise attached and enured to the benefit of the person to whom it was given. It was a well settled rule of the common law, that chose in action are not assignable, and therefore when a person entitled to money due from another, assigns over his interest in it to a third person, the mere act of assignment does not entitle the assignee to maintain an action for it, but if there be an assent or promise on the part of the debtor or holder of the money, the action for money had and received has been holden to lie.

The reason why actions of debt could not at common law be maintained on promissory notes, was, because being unsealed, they imported no consideration, and it was necessary in every such action to aver and prove a consideration. Chitty on Bills, 550. By the statute of 1807, which with modifications has prevailed here ever since, it was provided, that whenever any suit shall be commenced, founded on any writing, whether the same be under seal or not, the court before whom the same is depending, shall receive the same in evidence of the debt or duty for which it is given, unless the defendant shall in the manner therein pointed out, deny the execution of such writing by plea, supported by affidavit. The decisions of the superior court of the territory were uniform, that it was not necessary for the plaintiff in his declaration to state the consideration for which the note declared on was given, and such has been the practice under

this statute to this day.  Rector and Conway v. Honore, <span style="float:right">Aug. term,<br>1842.</span>
1 Mo. R. 204.

If we are correct in holding the instrument declared <span style="float:right">Long v.<br>Overton and<br>Pickett.</span>
on in the case now before the court, a promissory note,
and we think the authorities amply sustain us in that po-
sition, then it was not necessary to aver any considera-
tion in the declaration, and the plaintiff is entitled to re-
cover.

Judgment affirmed.