CAPLES *et al.*, Respondents, *vs.* BRANHAM, Appellant.

1. A promise in writing to pay a specified sum to trustees *to be appointed* by a certain convention, is a valid note within the meaning of the first section of the act concerning "bonds and notes," (R. C. 1845,) and imports a consideration.

2. It is not necessary that the payees should be designated when the promise is made, if they are designated before suit brought.

3. In declaring upon such an instrument, it is not necessary to set out a consideration in the declaration.

4. One instalment of a note due by instalments may be recovered before the others are due; and under the new practice, it would probably not be material whether the amount is sought to be recovered as a debt or damages.

*Appeal from Weston Court of Common Pleas.*

Action by Caples and others against Branham on a subscription paper to recover $100. The paper was in these words:

"January 22d, 1853.

"We, the undersigned, agree to pay the amounts affixed to our respective names, to trustees to be appointed by the educational convention of the Methodist Episcopal church south, for the Weston district, for the purpose of purchasing grounds and building houses suitable for one or more high schools, within the limits of Weston district; the place or places and character of the house or houses to be determined by said convention

cr under their order by trustees or otherwise; one half to be paid on the first day of June, 1853, and the balance on the first day of April, 1854."

This paper was subscribed by the defendant among others, and two hundred dollars written opposite his name.

This suit was brought September 19, 1853, to recover the first instalment of the amount subscribed by the defendant. The petition alleges that the defendant, by the above writing, promised to pay the sum of $200 "to the trustees to be appointed," &c., setting forth the effect of the instrument, and avers that the plaintiffs are the trustees appointed by the educational convention. No consideration for the promise is alleged, other than is imported in the words of the instrument.

A demurrer was filed and the following causes assigned : 1. That there was a defect of parties — there being no promisees, either natural or civil persons. 2. That the petition stated no consideration for the promise.

The demurrer was overruled, and no answer being filed, a judgment was entered for the plaintiffs, from which the defendant appeals.

*A. Leonard,* for appellant. 1. The note sued on is not a note within the meaning of our statute, importing a consideration and so valid, *proprio vigore.* There is no payee. It is of the very essence of a contract that there be at least two parties to it, persons capable in law. The statute has not altered this. By the express words of the statute, the payee in contracts embraced by it, must be designated in the instrument. This is as essential to the validity of the paper, *as an instrument,* as that it should be signed by the obligor or express the duty to be performed. An unsigned note, a note omitting the money or property to be paid, and a note omitting to designate the person to whom it is payable, are all equally void as instruments, although they may furnish evidence in support of a contract to pay. (*Cox* v. *Beltzhoover,* 11 Mo. Rep. 143. *Brown* v. *Gilman,* 13 Mass. Rep. 160. 1 H. Black. 606–610.) II. No consideration is shown in the petition

Caples *v.* Branham.

for the alleged promise, and so the promise set up constitutes no legal obligation against the defendant. (*Trustees of Hamilton College* v. *Stewart*, 1 Comst. Rep. 584. 10 Barb. S. C. R. 312. *Bridgewater Academy* v. *Gilbert*, 2 Pick. 579. *Limerick Academy* v. *Davis*, 11 Mass. 114. Smith on Contracts, 163, 201. *Eastwood* v. *Kenyon*, 39 Eng. C. L. Rep. 143. *Thomas* v. *Thomas*, 42 Eng. C. L. Rep. 947.)

*W. P. Hall* and *Vories*, for respondent. 1. It is not a good cause of demurrer that the payees were to be appointed after the note was executed. (*Bull* v. *Talcot*, 2 Root, 120. *Thompson* v. *Page*, 1 Metcalf, 570–71. 2. The instrument sued upon is one which, under our statute, imports a consideration. (R. C. 1845, tit. Bonds and Notes, sec. 1.) It is not necessary that a note, under our statute, should possess all the requisites of promissory notes under the statute of Anne, which are treated as negotiable instruments. (10 Mo. Rep. 675–718. 12 Mo. Rep. 532. 15 Mo. Rep. 602.) 3. The consideration apparent on the face of the instrument is sufficient. It is the appointment of trustees by the Methodist Episcopal convention. That appointment was made. Again, subscription papers for the erection of schools, churches, &c., are upon a sufficient consideration, and will support an action against the subscribers. (*George* v. *Harris*, 4 N. Hamp. 534. 7 N. H. 435, and cases there cited. *Underhill* v. *Gibson*, 2 N. H. 352. *Trustees* v. *Ripley*, 6 Greenl. Rep. 445. 2 Root, 120. 20 J. R. 89. 1 Metcalf, 570–71. 6 Pick. 427. 6 N. H. 164. 2 Denio, 403.)

Scott, Judge, delivered the opinion of the court.

1. Bills and negotiable promissory notes, by the common law, imported a consideration. Between the immediate parties to such instruments, the consideration might be enquired into as between the maker and promisee, and the drawer and the acceptor. All other contracts not under seal, whether written or oral, required a consideration. In 1765, Mr. Justice Wilmot was strongly of the opinion, and Lord Mansfield apparently so,

that a written promise not under seal, carrying with it the evidence of deliberation, required no consideration.   Their opinion did not obtain.   There is no difference at common law between an oral and a written promise not under seal; they are both classed under the head of simple or parol contracts.

Our legislature, aware that men are not apt to promise to pay money without a sufficient inducement or consideration, and knowing that, in most instances, a consideration exists for promises, has changed the rule of the common law, and, at an early day, made all notes in writing executed and signed by any person or his agent, whereby he shall promise to pay to any other person, or his order, or unto bearer, any sum of money or property therein mentioned, import a consideration. The object of this provision was, to place notes not negotiable on the same footing occupied by negotiable notes, so far as the matter of a consideration was concerned.   The writing showed deliberation, and, in the nature of things, there is no reason why the one instrument should not import a consideration as well as the other.   We are aware that the credit of negotiable paper is sustained by considerations of commercial policy. The law provided for one class of promissory notes.   The statute was designed to provide for all others.   The instrument sued on is certainly a note in writing, signed by a party promising to pay money.   There is no form prescribed by law to which we must adhere in the making of a promissory note: no formal words are required.   If, in sense, it is a promise in writing to pay another money or property, it is a promissory note.   A negotiable note, payable to a fictitious person, is a valid instrument, and may be declared on as one payable to bearer.

2. An objection to the instrument sued on being considered as a note within the statute, is, that it is made payable to trustees to be appointed by the educational convention of the Methodist Episcopal church south.   Now, when the trustees are appointed, as has been done in this case, the note is one payable to those trustees.   A bill drawn by one, payable to his

Caples *v.* Branham.

own order, is a valid instrument. (Buller, 269.) So, a note payable to the heirs of E. C., by her marriage with W. C., has been held a valid instrument. (11 Mo. Rep. 144.) So, a writing signed by Wm. Muldrow and others, by which they promise to pay to Wm. Muldrow, or order, has been held to be a note within the statute. (7 Mo. Rep. 563.) In this case, it is said, in good sense and sound principle, there is no difference whether the plaintiff was originally named or afterwards designated, according to the terms of the defendant's undertaking; so soon as the order was given, the promise attached and enured to the benefit of the person to whom it was given. The authorities referred to in the last cited case are in point, to show that the objection above named to the validity of the instrument under consideration, cannot be sustained. They are mostly taken from the English books, and, upon reference to the statute of Anne in relation to promissory notes, it will be found similar to our own, and to contain the words, "*to pay to any other person or his order.*" Thus, it will be seen, that the English and American authorities maintain that, although the statute requires a promissory note to be payable to any other person, yet it is no objection that the person is not designated at the time the promise is made, but it will be sufficient that he is ascertained before the institution of the suit.

3. In this state, ever since the statute of 1807, which allowed bonds and notes, when sued on, to be read in evidence, unless their execution was denied under oath, it has been held that promissory notes imported a consideration, and that, in an action on them, it was unnecessary to set out a consideration in the declaration. (*Rector & Conway* v. *Honore*, 1 Mo. Rep. 204.)

4. Under the former system of pleading, there would be an objection to this action, on the ground that a part of a debt due by instalments, was sought to be recovered as a debt. The money here sued for is claimed as a debt. A debt is not divisible. Strictly, this action, in form, should have been for damages. The objection, however, would probably not be avail-

able under the present practice act, and this suggestion is made lest it should be thought that the court had impliedly overturned a principle which may have application on occasions not arising in pleading. The other judges concurring, the judgment will be affirmed.