ROBERT AULL, Appellant, *vs.* BEVERLY G. LEE *et al.*, Respondents.

1. *Mortgage—Description of note according to legal effect sufficient—Parol evidence as to note, when proper.*—In legal intendment a note, after its indorsement, is payable to the order of the indorsee and such description in a mortgage given to secure it, is sufficient. And in suit to foreclose the mortgage when the petition recites the description of the mortgage as above, and at the same time counts on the note as payable to the order of the payee, parol evidence is proper to show that the note sued on is that intended to be secured by the mortgage.

*Appeal from Lafayette County Circuit Court.*

*Graves & Wood*, for Appellant.

I. The note is described in the mortgage according to its legal effect, and is declared upon in the petition according to its terms. The description in the mortgage was proper (Byles Bills, [4th Am. Ed.] pp. 65, 66 ; Muldrow vs. Caldwell, 7 Mo., 563 ; Rambo vs. Metz, 5 Stroub., 108 ; Heywood vs. Wright, 14 N. H., 73).; and if the note had been pleaded according to its legal effect and meaning, that would have been sufficient. (See Jones vs. Louderman, 39 Mo., 290 ; also, 7 Mo., *supra.*)

II. Evidence was proper to show that the note was in fact the one intended to be secured by the mortgage. (Foster vs. Reynolds, 38 Mo., 553 ; 1 Washb. Real Prop. [2d Ed.], 508 ; Hall vs. Tufts, 18 Pick., 465.)

III. If there was any want of a proper statement and description of the note, it is supplied by the answers, and, if possible, more fully described in replication ; and thus any such—if any—mis-statements and misdescriptions were aided and cured.

*Tutt & Son*, for Respondents.

I. There is a material and fatal variance between the note in evidence and the one described in the mortgage deed sought to be foreclosed. (See Fields vs. Hunter, 8 Mo., 128 ; Alder vs. Griner, 13 Johns., 450 ; Dougherty vs. Mathews, 35 Mo., 520 ; Dieckman vs. McCormick, 24 Mo., 596 ; Beck

vs. Ferrara, 19 Mo., 30; Greenl. Ev., §§ 66–8; 1 Pick., 336; 4 Id., 422; 1 J. J. Marsh., 299.)

The note declared on in the mortgage, must be proved as alleged. (1 Greenl. Ev., §§ 68, 69; Merle vs. Hascall, 10 Mo., 406; Murphy vs. Wilson, 44 Mo., 313; Stark. Ev., vol. 3, p. 1529, 4th Am. Ed.)

II. There was no allegation in the petition, of any fraud or mistake in the writing of said mortgage, to authorize the admission of the note in evidence, as the note secured by the mortgage. The cause of action must be stated in the petition and not in the replication.

III. Plaintiff had the right to amend his petition, but refused to do so, and must abide by the consequences. (Deickman vs. McCormick, *supra*, 596; Beck vs. Ferrara, *supra*.)

Plaintiff should have proceeded in equity to correct the mistake in the mortgage, in the description of the note. (Fithian vs. Monks, *et al.*, 43 Mo., 502; Valle's Heirs vs. Fleming's Heirs, 29 Mo., 152.)

VORIES, Judge, delivered the opinion of the court.

This action was brought to recover the amount due by the defendant, Beverly G. Lee, to plaintiff by a promissory note in the petition named, and to foreclose a mortgage given to secure the payment of the amount due by said note.

The suit was originally brought against the three first named defendants, Gracy G. Lee being afterwards made a party defendant on motion of the plaintiff. The substantial parts of the petition are as follows: that defendant Beverly. G. Lee, together with James Hale and William Allen, made a promissory note, dated December 12th, 1860, (which was filed with the petition) whereby said defendant, Beverly G. Lee, promised to pay to the order of said Allen, four months after the date thereof, six hundred dollars, with interest after maturity, at the rate of ten per cent. per annum, expressed to be for value received, negotiable and payable at the banking house of Robt. Aull, Lexington, Mo., without defalcation or discount, and then delivered said note to said William Allen,

who then indorsed and delivered said note to plaintiff, who thereby became the owner and holder thereof; that no part of said note had ever been paid to plaintiff; that on the 20th day of May, 1864, said note being wholly unpaid, said Beverly G. Lee, for the purpose of securing the payment of said note, executed and delivered to plaintiff a deed of mortgage, also filed with the petition, by which he conveyed to plaintiff and defendant, Gracy G. Lee, certain personal and real property in said petition set forth, which was conveyed to plaintiff, and said Gracy G. Lee, upon the condition recited in said mortgage: that, whereas, the defendant, Beverly G. Lee, was justly indebted to plaintiff in the sum of six hundred dollars, evidenced by a promissory note for that sum, executed by said Beverly G. Lee, dated the 12th day of December, 1860, and in the further sum of five hundred dollars, evidenced by a note executed by said Beverly G. Lee, and payable to the order of said Aull, dated the 13th day of June, 1859, one of said notes due in four and the other in twelve months from date; and whereas said Beverly G. Lee was indebted to Gracy G. Lee in the aggregate sum of twenty-six hundred dollars, secured by three promissory notes which are described; therefore, if all of the said several notes should be paid, the deed should become void, otherwise to remain in force.

The petition then states that the said note for six hundred dollars remains unpaid, and that all of the personal property named in the mortgage has been disposed of, so that nothing remains out of which plaintiff's debt can be made, except the land named in the mortgage and petition; that the defendants, Limerick and Johnson, claim the said right to the equity of redemption in said lands and in the debts secured to Gracy G. Lee, by said mortgage. The petition then prays the court to determine the rights of the several parties, plaintiff and defendants respectively, and for a judgment for the amount due by the note, for six hundred dollars, and for a foreclosure of the equity of redemption in the land named, and that the same be sold, etc., and for general relief.

The defendants answer separately, and set up several distinct defenses to the action; but as the case is now presented

for the consideration of this court, it will only be necessary to notice one defense which is relied on by each of the defendants.

The answer of each of the defendants denies that the mortgage set forth in the petition was executed to secure the note described in and filed with the plaintiff's petition, but the answers aver that the mortgage was executed by said defendant, Beverly G. Lee, to secure a note executed by said Beverly G. Lee, and payable to the order of plaintiff, which was and is a different note from the one sued on and filed with the petition, and which has long since been paid off; wherefore, the right of plaintiff to foreclose said mortgage, etc., is denied.

This defence was put in issue by a replication.

On the 4th day of August, 1873, a trial was commenced before the court.

The plaintiff, to maintain the issues, on his part, read in evidence the mortgage named in his petition without objection. This mortgage was dated the 20th day of May, 1864, and described the note for six hundred dollars, recited in the mortgage as being one of the notes secured thereby as follows: "that whereas, the said Beverly G. Lee is justly indebted to the said Robert Aull in the sum of six hundred dollars, evidenced by a promissory note for that sum, executed by said Beverly G. Lee, and payable to the order of said Robert Aull, dated the 12th day of December, 1860, and in the further sum of five hundred dollars, etc." It was conceded that the five hundred dollar note had been paid. The plaintiff then offered to read the note sued on and filed with his petition in evidence, which said note is as follows:

"$600. Lexington, Mo., December 12th, 1860. Four months after date we promise to pay to the order of Wm. Allen six hundred dollars, with interest after maturity at the rate of ten per cent. per annum, for value received, negotiable and payable at the banking house of Robert Aull, Lexington, Missouri, without defalcation or discount. BEVERLY G. LEE,

No. 1718. [Signed.] JAMES HALE,

WM. ALLEN."

The note was indorsed as follows: "Pay Robert Aull, or order. WM. ALLEN."

At the same time that said note was offered in evidence, plaintiff introduced two witnesses by whom it was clearly proved that at the time of executing the mortgage, the note was not present, but that it was the same identical note referred to in and which was intended to be secured by said mortgage.

The defendant objected to the reading of said note in evidence, as the note secured by said mortgage, because there was a variance between the note sued on and offered in evidence, and the note for six hundred dollars, as described in the mortgage, and because said note offered in evidence contradicted the mortgage as read in evidence, and also because there were no allegations of fraud or mistake in the execution of the mortgage, wherefore the parol evidence was not admissible to explain the mortgage, or to identify the note intended to be secured by the mortgage.

The court sustained the objection made by defendant to the evidence, and excluded the oral evidence given to prove the identity of the note, and also, excluded said note as evidence under the mortgage, and would not permit it to be read as the note secured by the mortgage, but offered to permit plaintiff to read the note as evidence of indebtedness by the defendant, but not as the note secured by the mortgage.

The plaintiff excepted to the opinions of the court in excluding his evidence, and took a non-suit with leave to move to set the same aside, which motion was afterwards made and overruled by the court, and final judgment rendered against the plaintiff, when the plaintiff again excepted, and has appealed to this court.

The only question presented by the record in this case for the consideration of this court, is whether the circuit court erred in excluding the oral evidence offered by plaintiff, to prove that the note sued on, and offered in evidence, was the same note referred to, and intended to be secured by the mortgage, and whether the court properly excluded the note as evidence, in order to foreclose the mortgage? The ground of objection, it will be seen, was not that there was a variance

between the note as described in the petition, and the one offered in evidence; but that there was a variance between the note as described in the mortgage, and the note offered in evidence. The cases referred to by the defendant, are all cases where the contract or instrument declared on in the petition was variant from the one offered in evidence, and have very little applicability to this case. We think the court was clearly wrong in excluding the evidence of the witnesses, to show that the note sued on was the same note referred to in and intended to be secured by the mortgage, and also in excluding the note as evidence in the suit to foreclose the mortgage.

The mortgage described the note secured as a note for six hundred dollars, dated December 12th, 1860, payable to the order of Robert Aull. The legal effect of the note sued on after its endorsement to plaintiff, was that of a note payable to the order of plaintiff, and it was therefore sufficiently described in the mortgage. It is not required that a mortgage shall set forth a literal copy of the instrument secured thereby. It is sufficient to describe it according to its legal effect. (Muldrow vs. Caldwell, 7 Mo., 563; Heywood vs. Wingate, 14 N. H., 73; Byles on Bills, 6th Am. Ed., p. 16, and note; Pitcher vs. Barrows *et al.* 17 Pick., 361.) The debt to be secured by a mortgage, need not be specifically described. If it is stated in the condition to the mortgage " that the grantor was indebted to the grantee for moneys loaned, and his liability on divers bills of exchange and promissory notes, and it provided, that if he discharged them within six months, the deed should be void, it was held to be a sufficient description of the debt, since it was capable of being made certain by parol evidence." The material question is whether there is a debt still existing, which the mortgage was executed to secure. In the present case one of the issues made by the pleadings, was whether the note sued on was the note secured by the mortgage. The defendants had averred in their answers that it was not, but that the mortgage had been given to secure a different note, for the sum of six hundred dollars.

It was certainly competent, under this issue, for plaintiff to prove by parol evidence that the note sued on was the same note secured by the mortgage. (1 Washb. Real Prop., 2 Ed., p. 505; Hall vs. Tufts, 18 Pick., 455.) Because the court erred in excluding the evidence offered by the plaintiff, and in overruling plaintiff's motion to set aside the non-suit, the judgment will be reversed, and the case remanded.

The other judges concur.