WILLIAMS v. THE MONITEAU NATIONAL BANK, *Appellant.*

1.  **Deed of Trust**: ACKNOWLEDGMENT BEFORE TRUSTEE VOID, BUT DOES NOT AVOID DEED. While an acknowledgment of a deed of trust taken by the person named as trustee is void, so that the instrument is not entitled to record, the deed is not thereby rendered void, but is good as between the parties to it and all persons having actual notice of it.

2.  ———: PAROL EVIDENCE TO SUPPLY DEFECTS IN. It is not essential to the validity of a deed of trust that the paper intended to be secured shall be accurately described. If the description, though indefinite, is capable of being rendered certain by the use of parol evidence it is sufficient.

3. ———: PAROL EVIDENCE. Where a deed of trust described the note intended to be secured as bearing date January 28th; *Held*, that parol evidence was admissible to prove that a note dated January 25th was intended. (*Scott v. Bailey*, 23 Mo. 140.)

4. **Estoppel.** The facts proven in this case do not make out a case of estoppel against the plaintiff.

*Appeal from Moniteau Circuit Court.*—HON. G. W. MILLER, Judge.

AFFIRMED.

*Owens & Wood* for appellant, argued that parol evidence was inadmissible to identify the notes. *Jennings v. Brizeadine*, 44 Mo. 332: *McAfferty v. Conover*, 7 Ohio St. 99. The plaintiff is estopped. Bigelow on Estoppel, 484; *Mardis v. Mardis*, 13 La. 236; *Jennison v. Hapgood*, 10 Pick. 77; *Rice v. Bunce*, 49 Mo. 231; *Chouteau v. Goddin*, 39 Mo. 229; *Garnhart v. Finney*, 40 Mo. 449.

*John W. Moore* for respondent, argued that parol evidence was admissible to prove what indebtedness was intended to be secured. *Aull v. Lee*, 61 Mo. 160; *Scott v. Bailey*, 23 Mo. 140; 1 Wash. Real Prop., (2 Ed.) p. 505; *Blackburn v. Tweedie*, 60 Mo. 505; *Carter v. Holman*, 60 Mo. 498; *McQuie v. Peay*, 58 Mo. 56; *Jackman v. Brown*, 7 Cow. 13; *Hall v. Tuft*, 18 Pick. 455; *Kimball v. Myers*, 21 Mich. 276; *s. c.*, 4 Am. Rep. 487; *Foster v. Reynolds*, 38 Mo. 553. The plaintiff is not estopped. Bigelow on Estoppel, p. 481; *Bales v. Perry*, 51 Mo. 449; *Eitelgeorge v. Mut. House Bldg. Assn.*, 69 Mo. 52.

NORTON, J.—This is a proceeding instituted in the circuit court of Moniteau county against the defendants, W. E. Green, H. C. Hickcox and the Moniteau National Bank, to foreclose a deed of trust executed by defendant Green to Hickcox, as trustee for plaintiff's intestate, Robert Basnet, on certain lands therein described.

The petition, after alleging the death of Basnet and

the appointment of plaintiff as his administrator, alleges that prior to March 28th, 1873, Basnet became security for said Green on a note dated January 29th, 1873, discounted by him to the Moniteau National Bank for about $1,700; that Basnet also became security for said Green on a note given by him to Ivy Nance for $360, dated January 25th, 1873; that, to secure Basnet from the payment of said notes, Green executed the said deed of trust to the land described therein; that after Basnet's death the Ivy Nance note was probated against his estate, and that plaintiff, as administrator, paid thereon $50 January 26th, 1875, and the further sum of $346.46 on May 12th, 1875. It is also alleged that after the death of Basnet, the $1,700 note was renewed, and on the 24th day of January, 1874, Green gave a second deed of trust with power of sale to secure this note to the Moniteau National Bank, and that default being made in the payment of said note, the trustee, in pursuance of the power, sold and conveyed the land to the Moniteau National Bank; that the trustee under the second deed of trust and the said bank had full notice of plaintiff's lien upon the land for the Ivy Nance note. Green and Hickcox, filed separate answers, being general denials. The bank filed separate answer specifically denying all the averments of the petition except its incorporation, the execution of the second deed of trust, the sale thereunder and the purchase by the bank. It also sets up that the deed of trust, the enforcement of which plaintiff is seeking, was void; that the debt mentioned in the petition is not described in said deed, that the bank had no knowledge of the first deed, and that, at the time of the purchase by the bank, plaintiff represented that he would have sufficient means in his hands, of said Green, to pay Green's liability to the estate of Basnet, and by this representation induced defendant to buy said land at its full value, whereby plaintiff should be estopped from disputing the title acquired at the sale. The cause was, by consent, referred to a referee, upon whose report judgment was rendered for

plaintiff, and a decree of foreclosure directing the sale of the land to pay it, from which the defendant bank has appealed.

It is insisted by defendant that the deed of trust, the foreclosure of which plaintiff seeks, is void, because the acknowledgment of the grantor was taken by Hickcox, the trustee named therein, and because the debt which it was given to secure is not described.

An acknowledgment of a deed taken by the grantor named therein, though wholly insufficient to authorize the recording of the deed, does not render the deed void. While such an acknowledgment is invalid, the deed, if in fact executed and delivered, is binding and valid between the parties to it, and all those who have actual notice of it. This has been expressly held in the case of *Black v. Gregg*, 58 Mo. 565. It appears in this case that defendant had actual notice of the deed of trust relied upon by plaintiff, which is sufficient to bind him.

1. DEED OF TRUST: acknowledgment before trustee void, but does not avoid deed.

While the description of the note secured by the deed of trust is in some respects indefinite, it sufficiently appears that a note to Ivy Nance on which Basnet was security, was intended to be secured. The following is the description contained in the deed: " In trust, however, for the following purposes: Whereas, W. E. Green, the said party of the first part, has this day made, executed and delivered to the said party of the third part, his promissory notes of even date herewith, by which he promises to pay to the said Robert Basnet or order, for value received, $—— one day after the date thereof, with ten per cent interest from date, one note executed to Ivy Nance as security, and also one to the Bank of California as security." In the case of *Aull v. Lee*, 61 Mo. 160, which involved a questio nsimilar to the one here raised, it was held that " the debt to be secured by a mortgage need not be specifically described. If it is stated in the condition of the mortgage ' that the grantor was indebted to the grantee

2. ——: parol evidence to supply defects in.

for money loaned, and his liability on divers bills of exchange and promissory notes, and it provided that if he discharged them in six months the deed should be void, it was held to be a sufficient description of the debts, since it was capable of being made certain by parol evidence.'"

It is also insisted that the deed described the note to Nance as being of even date therewith, and as the deed 3. ——: parol evidence. was dated January 28th, 1873, and the note to said Nance sued upon was dated January 25th, 1873, to allow evidence to show that it was the note intended, would be to contradict the deed by parol. This precise point was expressly decided otherwise in the case of *Scott v. Bailey*, 23 Mo. 140.

It is also insisted that plaintiff should be estopped from disputing the title acquired by defendant through its purchase under the second deed of trust. Conceding for the purpose of this case, (without deciding whether or not the doctrine of estoppel can be invoked as against an administrator,) that it applies to administrators, we are of the opinion that no such case is made by the evidence as brings it within the operation of that principle. It appears from the evidence that, previous to the sale under the second deed of trust, the president of the bank expressed his opinion to the plaintiff that the deed of trust first executed by Green to secure the Nance note was worthless and of no validity, that plaintiff said he had doubts as to the validity, but that he did not know how the courts would decide it, and also said that if Green and Jones and their wives would agree that the amount of money in his hands as administrator, which would be due to the wives of said Green and Jones, should be applied to the payment of the Nance note, the land mentioned in the deed of trust in that event would not be required. The evidence fails to show any promise or representation on the part of plaintiff that he would not enforce the deed of trust, or that he would abandon the lien, except upon the condition that the wives of Green and Jones would consent

that he might apply the distributive shares coming to them from the Basnet estate in payment of the Nance debt. The evidence shows that this condition was never complied with, and that the wives of said Green and Jones refused to consent to such application of their interest in said estate. Judgment affirmed. All concur.