**In re Larry Joseph DUNCAN and Lois Jean Duncan, Debtors.**

**Bankruptcy No. 89–60683–S–7–KMS.**

United States Bankruptcy Court, W.D. Missouri, S.D.

June 19, 1990.

Gary A. Love, Ozark, Mo., for Health Care Services Corp.

Thomas J. Carlson, Springfield, Mo., for Trustee.

James A. Doran, Springfield, Mo., for debtor.

## MEMORANDUM OPINION

KAREN M. SEE, Bankruptcy Judge.

Pending is the motion to lift stay filed by Health Care Services Corporation of America, Inc. (HSCA). In defense to HSCA's motion, debtors and trustee argue the deed of trust is voidable under 11 U.S.C. § 544(a)(3) because the deed of trust does not adequately describe the underlying

note it secures. The trustee asks the court to determine the validity of the deed of trust as a preliminary matter before determining whether cause exists to grant relief from the stay. After a hearing on the issue, for the following reasons the court concludes the deed of trust is valid and not avoidable by the trustee.

The facts are undisputed. On May 12, 1988, debtors gave HSCA a $200,000 promissory note secured by a deed of trust for certain real estate owned by debtors. HSCA recorded the deed of trust on May 16, 1988. The deed of trust described the obligation secured as follows: "In trust, however, for the following purposes: Whereas, the said Larry J. Duncan and Lois J. Duncan did on the 12th day of May, 1988, make and deliver to Health Services Corporation of America, Inc. a promissory note for which this Deed of Trust serves as security."

The trustee argues that the deed of trust is voidable as to third parties because it does not adequately describe the underlying obligation it secures; that because the deed of trust is voidable by third persons, the lien is voidable pursuant to the trustee's strong arm powers in § 544(a); and therefore, relief from the stay should be denied.

The question is whether the description of the obligation in the deed of trust is sufficient to be valid as to third parties. To answer this question, the court must look to state law. With respect to Missouri law, the court finds no recent authority which directly addresses this issue, and authority cited by the parties is either not on point or not controlling.

The trustee cites *Mills v. First Nat'l Bank of Mexico*, 661 S.W.2d 808, 811 (Mo. App.1983), which states, in dicta, "[t]he deed of trust is required to set out the terms of the obligation that it secures." Although at first reading this comment suggests the deed of trust may be defective because it did not set forth the terms of the note, the comment is not pertinent when read in context with the facts in *Mills*. *Mills* was deciding the question of whether the terms in the note or the terms in the deed of trust should control where the deed of trust added additional terms, an acceleration clause, which the note did not include.

*Voelpel v. Phoenix Mutual Life Ins. Co.*, 183 S.W. 679 (Mo.App.1916), which held an unrecorded extension agreement, although good between the parties, was not binding on a subsequent purchaser without notice, is cited by trustee for the proposition that the note must be recorded because it is an instrument affecting title to real estate. The trustee argues that the lien is voidable as to a bona fide purchaser because the note herein is unrecorded and the deed of trust does not set forth the terms of the note.

There is no merit in the trustee's argument that the note must be recorded. Section 442.380 RSMo requires recording of an instrument which conveys real estate or affects title to real estate. A note is a writing acknowledging a debt and promising payment. It describes the debt and terms of repayment, but does not affect title to real estate. A note is not an instrument which must be recorded pursuant to § 442.380 RSMo. Previously, § 443.050 RSMo (1978) required a note to be presented to the recorder for identification, as distinguished from recordation, in urban areas. Section 443.040 RSMo made such identification optional in other counties. However, these statutes were repealed by L.1985, H.B. No. 210, § 1, effective January 1, 1986.

The trustee also cites Connecticut and Florida cases for the proposition that the obligation must be described with accuracy to be valid against third parties. See *Machiz v. Homer Harmon, Inc.*, 146 Conn. 523, 152 A.2d 629 (1959); *Sadd v. Heim*, 143 Conn. 582, 124 A.2d 522 (1956); *In re Charter Executive Center Ltd.*, 34 B.R. 131, 137 (Bankr.M.D.Fla.1983). The trustee asserts that the law in these states is the majority view followed by other jurisdictions and the general rule of law long followed in Missouri. That assertion appears to be inaccurate both as to whether these cases reflect a majority position and

whether they are the law followed in Missouri.

As to the contention that these cases represent a majority position, treatises indicate the majority is actually a less restrictive standard:

> The mortgage must identify the indebtedness it is intended to secure. Literal exactness in describing the indebtedness is not required; it is sufficient if the description be correct so far as it goes, and full enough to direct attention to the sources of correct and full information in regard to it. . . .

9 Thompson on Real Property § 4745, p. 382 (1958). As further explained in 55 Am.Jur.2d *Mortgages* § 153, p. 291 (1971):

> [T]he description has been held sufficient where it indicates sources of information by reference to which the exact terms and extent of the encumbrance can be ascertained. Moreover, in the majority of the cases it is held that a recorded mortgage is valid as to third persons, or is sufficient notice of the debt secured thereby, even though there is an omission in the mortgage of the amount of the debt, or only a general description of the debt without a statement as to the amount.

There is Missouri case law [1], albeit aged case law, which is consistent with the general explanations set forth above. The court elects to follow those cases, which remain good law, and decline to follow the law of other jurisdictions as urged by the trustee. *Williams v. Moniteau National Bank*, 72 Mo. 292 (1880) and *Aull v. Lee*, 61 Mo. 160 (1875).

*Williams* involved a similar issue to the present case in that the deed of trust was alleged to be invalid based upon an insufficient description of the underlying obligation. The Missouri Supreme Court held the description sufficient as against the holder of a second deed of trust who had acquired title to the real estate by foreclosure. "While the description of the note secured by the deed of trust is in some respects indefinite, it sufficiently appears that a note to Ivy Nance on which Basnet was security, was intended to be secured." *Williams*, 72 Mo. at 295.

As authority for holding that the description of the obligation was sufficient, *Williams* quoted *Aull v. Lee*, 61 Mo. 160, 165 (1875), which held as follows:

> "It is not required that a mortgage shall set forth a literal copy of the instrument secured thereby. It is sufficient to describe it according to its legal effect . . . The debt to be secured by a mortgage deed need not be specifically described. If it is stated in the condition of the mortgage that the grantor was indebted to the grantee for money loaned, and his liability on divers bills of exchange and promissory notes, and it provided that if he discharged them within six months the deed should be void, it was held to be a sufficient description of the debts, since it was capable of being made certain by parol evidence."

It is a well-established requirement in Missouri that a deed of trust must identify the obligation it is intended to secure in order to be valid. However, literal exactness in describing the underlying obligation is not required. As exemplified by *Williams* and *Aull*, Missouri law upholds the validity of deeds of trust which generally describe the obligation secured.

While recognizing the differences between recording a security interest in real estate and perfecting a security interest in personal property under U.C.C. Article 9, it is helpful to compare the notice imparted to third parties by the recording of a deed of trust and of a financing statement for fixtures. Under Article 9, most security interests are perfected by filing a financing statement. In general, perfection of the security interest grants the creditor priority over third parties. The effect of perfection under Article 9 is similar to recording of a deed of trust.

---

1. Both parties argue that *Young v. Levine*, 326 Mo. 593, 31 S.W.2d 978 (1930), supports their arguments, but it adds no clear support for either. The issue in *Young* was whether a deed of trust is valid despite a description of a note not in existence. In the present case, there is no contention that the note does not exist.

A fixture is "an article of personal property which has been so annexed to real estate that it is regarded as part of land." *Marsh v. Spradling*, 537 S.W.2d 402 (Mo. 1976). Section 400.9–402(5) specifies the requirements for a financing statement filed to cover collateral which is or will become a fixture. Although this section requires a description of the real estate and the name of the record owner, a description of the underlying obligation is not required to create a lien valid as to third parties.

Thus, without a description of the underlying obligation, a lien valid as to third parties may be created on fixtures which are in essence a part of the real estate.

The trustee's argument, if adopted, would avoid pursuant to his strong arm powers a deed of trust generally describing the underlying obligation, while a financing statement with no description of the underlying obligation would create a perfected security interest in fixtures which is not avoidable.

One purpose of a financing statement is to provide notice to third parties that the collateral described is subject to a security interest. Similarly, one purpose of a deed of trust is to give third parties notice of a lien on the real estate described. In view of this common purpose, the court finds no reason to adopt a rationale which would give greater rights to a creditor who holds a security interest in fixtures over a creditor who holds a security interest in the underlying real property. In both situations, third parties have constructive notice of liens and should be responsible for failure to make further inquiry.

The trustee also argues that the deed of trust must sufficiently describe the underlying obligation so that unscrupulous parties cannot substitute other debts for the referenced obligation. It is true that requiring more exacting descriptions of notes might make it harder to substitute notes. However, it would not eliminate the possibility of substitution in every case unless the note is required to be recorded with the deed of trust, which is not required by Missouri statutes.

The description in the deed of trust in question is sufficient to direct third parties' attention to the sources of information regarding the obligation. The deed of trust states that on May 12, 1988, debtors gave HSCA a note for which the deed of trust serves as security. The fact that the deed of trust fails to state the amount of the note secured thereby does not invalidate the lien. The amount of the secured obligation may be ascertained by reference to the note, dated May 12, 1988. The description in the deed of trust gives constructive notice of the existence of a lien on the real estate so as to obligate third parties to make further inquiry as to the terms of the note.

The court holds that, while a deed of trust creating a lien on real estate must describe the obligation secured, a general description of the debt without specific statements as to the amount of the debt does not invalidate the deed of trust as to third parties. Describing the note by reference to the date of execution and the proper source for the information regarding the note, while perhaps not a model of precision, was nevertheless sufficient in this case to give third parties notice of the existence of the debt secured.

Accordingly, it is hereby

ORDERED that the deed of trust creating a lien in favor of Health Care Services Corporation of America, Inc. created a valid, perfected security interest in the real property which is not voidable by the trustee under 11 U.S.C. § 544(a)(3).