NEW YORK,
October, 1818.

FULTON
v.
MATTHEWS.
\**Ante*, p. 229.

</div>

<div align="center">Judgment reversed.</div>

———❋———

<div align="center">

FULTON *against* MATTHEWS and WEDGE.

</div>

THIS was an action of *assumpsit* on a promissory note, dated *October* 25th, 1815, by which the defendant *Wedge* promised to pay *W. Atherton*, or order, 85 dollars, by the first of *January* next, with interest.    The note was signed by *Wedge*, and underneath his name was subscribed the name of the defendant *Matthews*, in the following manner: " *Thos. Matthews, security.*"    On the note was indorsed an assignment from the payee to the plaintiff, dated *November* 11th, 1817.    The cause was tried before Mr. J. *Platt*, at the *Steuben* circuit, in *June*, 1818.

On the part of the defendant *Matthews*, who alone had been brought into court, it was proved, that in the autumn before the note became due, *Wedge* called on the payee, and offered to pay him 50 or 55 dollars, on account of the note, in *Pennsylvania* bank notes; but as they were depreciated in value, *Atherton* declined taking them, and promised to wait until the next spring for payment.    In *July*, 1816, *Atherton* placed the note for collection in the hands of an attorney in *Steuben* county, who commenced a suit upon it in the Court of Common Pleas of that county, in which suit *Matthews* pleaded, and a default was entered against

<div align="right">

A surety is not discharged by the plaintiff's giving time to the principal debtor, or even by his discon- tinuing a suit commenced a- gainst the prin- cipal, without the privity and consent of the surety, unless the surety has explicitly re- quired him to proceed a- gainst the principal, or the plaintiff has, by some a- greement with the principal, precluded himself from suing him.

</div>

NEW-YORK, *Wedge.* Before any trial in the cause, *Atherton* took the note
October, 1818. out of the hands of the attorney, and directed him to desist
FULTON from proceeding in the suit, in consequence of which, *Ather-*
v. *ton* afterwards became nonsuited. It did not appear that
MATTHEWS. *Matthews* was privy to this transaction. *Wedge*, who had
previously been solvent, was, at the time the former suit was
suspended, reputed to be insolvent, and afterwards obtained
his discharge under the insolvent law, and had since left the
state.

A verdict was found for the plaintiff, subject to the opi-
nion of the court, and the case was submitted, on the points
and arguments stated to the court, without argument.

SPENCER, J. delivered the opinion of the court. This
suit is on a negotiable note, signed by *Wedge,* and by *Mat-*
*thews*, to whose signature is attached the word " security."

The defence relied on was, that the payee of the note,
after it became due, and before it was endorsed, had given
time to the principal; and that a suit had been brought by
the original payee of the note, in *Steuben* Common Pleas,
which suit was, afterwards, discontinued; and that, proba-
bly, had the suit proceeded, a recovery might have been
had against *Wedge*, who is now insolvent, and has left the
state. It does not appear that *Matthews* ever requested
the payee, or the plaintiff, to sue *Wedge.*

In *Pain* v. *Packard*, (13 *Johns. Rep.* 174.) we say, that a
mere delay in calling on the principal, will not discharge
the surety ; and in that case, the opinion of the court was
placed wholly on the fact, that the surety requested the
holder of the note to proceed and collect it from the princi-
pal; and the plea averred a loss of the money as against
the principal, by such neglect. In this case there is no
proof whatever, that *Matthews*, the surety, ever urged,
or requested, the holder of the note to proceed against the
principal; and the proof is very doubtful whether, when
the suit was actually commenced in the Common Pleas,
*Wedge* was able to pay the money.

The holder of a note ought to be fairly and fully appri-
sed by the surety that he is required to prosecute the prin-
cipal. A delay to sue, or even a discontinuance of a suit

brought, cannot absolve the surety from his liability, if he
is passive, and takes no measures indicating to the holder
of a note, that he insists on his proceeding against the prin-
cipal. It ought to be put beyond a doubt, that the surety
is injured by the delay, that is, that the principal was sol-
vent and able to pay the debt, if he had been prosecuted for it.
The plaintiff has done no act to preclude himself from suing
*Wedge*, at any time. On the grounds, then, that the plaintiff
has never been required to prosecute *Wedge*, and that he
has made no contract with him, that disables him from suing
at any time, we are of opinion that the plaintiff must have
judgment.

<div align="right">NEW-YORK,<br>Octobr r, 1818.</div>

<div align="right">FULTON<br>v.<br>MATTHEWS.</div>

<p align="center">Judgment for the plaintiff.(a)</p>

(a) Vide *King* v. *Baldwin* & *Fowler*, 2 *Johns. Ch. Rep.* 554. In *Orme* v *Young*, (*Holt's N. P. Rep.* 84.) *Gibbs*, Ch. J says, " The defence which may be set up by a surety, of time given to the principal, is borrowed from a court of equity; there, if a day of payment be given to the debtor, the sureties are discharged. It is the equi- table right of sureties to come into a court of equity and demand to sue in the name of the creditor. Now, if the creditor have given time to his debtor, the surety can- not sue him." And he adds, " what is forbearance and giving time ? It is an en- gagement which ties the hands of the creditor. It is not negatively refraining; not exacting the money at the time; but it is the act of the creditor depriving himself of the power of suing by something obligatory, which prevents the surety from co- ming into a court of equity for relief; because the principal. having tied his own hands, the surety cannot release them." *Et vide Hunt* v. *United States*, 1 *Gallis. Rep.* 32. per STORY, J.