Johnson, J.
delivered the opinión ef the Court;.
*609 The case made by the pleadings appears to be this. The defendant was jointly* and severally, bound with one Baldy H. Starke, by a single bill, or note under seal, to pay to the plaintiff $125, 25, which the defendant in his plea avers was the individual and proper debt of Starke. The defendant also avers, in his plea, that after the debt became due, and at a time when Starke was able to pay it* he requested the plaintiff to sue for and collect it, but that he refused to. do so, and that Starke is now insolvent and unable to pay. The demurrer admits these facts; and the question is, whether they constitute a good de* fence to an action against the defendant on the same note.
It struck me, at the argument, that this question had been decided by our own Courts. And Frecollect that it was before ■ the Court in a case, I think, from the western circuit, some five and twenty years ago; but not having been concerned in the cause, my recollections of the precise point, and the opinion' upon it, are too indistinct to found any judgment upon : and not being able to find any traces of it in the reported cases, I conclude, that it has passed with many others of that day, that were not preserved.
The cases of Pain v. Packard, 13 Johns. 174, Fulton v. Matthews, 15 Johns. 433, and King v. Baldwin, in error, 17 Johns. 384, go the whole length of sustaining this defence; and but for these, I should have entertained very little doubt about the question. In King v. Baldwin, 2 Johns. Ch. R. 556, which was Carried up to the Court of Errors, and is the case before referred to, Chancellor Kent takes up the general doctrine, and reviews, at some length, the case of Pain v. Packard; and with his usual forcé of reasoning demonstrates, I think very clearly, that it is not law. The subsequent case of Fulton ».- Matthews is profes* sedly bottomed on Pain v. Packard; and it is not improbable* that these two cases had, upon the principle of stare decisis, their full weight in the judgment in error, in Kingu Baldwin. And it is worthy of remark, that this latter case was decided by a majority of one only; and that Judge Piatt concedes (hat he was in error in Pain v. Packard, and that it was improperly decided. We are habitually accustomed to respect very highly the judicial determinations of the tribunals of our sister states; and particularly where, like ourselves, they profess to be governed by the rules of the common law. We receive them, however, not as binding^aa* *610 thority, but as the opinions of wise and learned men: and the weight of these cases will be very much diminished when we refer to the organization of the Court of Errors in New-York, consisting as it does of the members of the Senate; and take into account the great diversity of opinion which was entertained upon the question. It may be considered, therefore, as fairly open for discussion.
Kirby^oute° 551.
Two principles run through all the cases upon this subject, and are well established by our own decisions. 1st. That mere delay on the part of the creditor to sue for his debt will not discharge the surety. Rees v. Berrington, 2 Ves. Jun. 540. Wright v. Simpson, 6 Ves. 734. Burn v. Poaug, 3 Desaus. 604, Waties, J. Rutledge v. Greenwood, 2 Desaus. 414. Hampton v. Levy, 1 M’C. Ch. 112. 2dly. That if the surety feels himself in danger, he may go into the Court of Equity, and compel his principal to pay the debt. King v. Baldwin, 2 Johns. Ch. R. 561. Burn v. Poaug, 3 Desaus. 604. Indeedallthe cases seem to agree in this. Now it is, in my judgment, utterly irreconeileable with these principles, that the surety can discharge himself by calling on the creditor to sue. If it be true, that mere passive indulgence on the part of the creditor will not discharge the surety, how can his own act discharge him? If that will discharge him, why is it necessary to go into Equity to compel his principal to pay the debt? On what was that precedent founded? If the creditor sued upon request, there was no necessity to go into Equity. If he did not, and that pose was a discharge in law, there was still less necessity. In Dehuff v. Turbott, 3 Yeates, 157, the Court recognized the right of the surety to apply to Chancery; but said, that as a Court of Law they could not say, that by neglect to sue upon request the surety was discharged: and it is very pertinently remarked, that this ease was the stronger, as there was no Court of Chancery in Pennsylvania, and the surety could not elsewhere be relieved. See note (1) to Rees v. Berrington, 2 Ves. Jun. 540, Ingraham’s edition.
Let us examine this question with reference to the nature and legal effect of the defendant’s undertaking. It is an ordinary sealed note, whereby Starke and the defendant jointly, and severally, promise to pay the plaintiff, the sum contained in it, on a certain day; and it is signed and sealed by them both, without *611 any thing indicating whether the consideration was received by the one or the other, or both', or whether one was the principal and the other the surety. In legal- contemplation then, and indeed by the terms of the contract itself, it is théir joint and several debt. Now the facts averred in the defendant’s plea go to show, that this is not true, but that it is the proper debt of Starke, and that the defendant is only his surety. But I have always understood the rule to be, that no one will be permitted to aver against his own deed: and in Rees v. Berrington, supra, the Lord Chancellor says in reference to this very question, that when they are bound jointly and severally, the surety cannot aver by pleading that he is bound as surety. Upon the same principle is founded the rule, that parol evidence shall not be received to add to, contradict, or vary a written agreement; and how I ask is this plea to be supported, unless the defendant is permitted to shew a liability, other than that necessarily growing out of this note 1
Divest the question of every thing like technical rules, (and I confess I always feel more respect for them, when I see clearly that they tend to promote the ends of justice,) and the same consequences follow. If we are at liberty to regard the defendant as a mere surety, even in that character his undertaking is to pay, if his principal fails to do so at the day. -Let him discharge that obligation, and then he will have a remedy over against his-principal, and will have it in his power to avail himself of all the means that may present themselves for his indemnity; or if he cannot command the means of payment on the instant, let him go into the Court of Chancery, and enforce payment'-from his principal. If any labour or expense are to be incurred for his protection, surely he, and not the creditor, who has violated no obligation, ought to meet it. It is not, in the language of some of the cases, for the creditor to enforce payment from the principal, but the business of the surety to see that he does pay it, for to that he is bound by his contract and his interest.
An argument has been drawn, in support of the motion, from the circumstance, that a surety may be relieved in Equity. But as I understand it, that remedy is founded upon an abstract equity, not as between the creditor and the surety, but as between the surety and his principal, for Equity will not relieve the surety unless the debt is paid. Between the surety and principal, there is an implied undertaking, that the principal will *612 pay at the day, and relieve the surety; and if he fail to do so, it is just cause of complaint, and Equity will compel him': but to this implied agreement the creditor is not a party; and although he is made a party to the suit, it is merely on account of his having an interest in the subject matter, and not that the surety has any ground of complaint against him.
I am therefore, very clearly of opinion, that this motion cannot prevail, and it is accordingly dismissed.
O’Neall, J. and Martin, J. sitting for Harper, J. concurred.
Judgment affirmed.