#### FOR THE

## COUNTY OF GRAND ISLE.

### JANUARY TERM, 1848.

---

#### PRESENT,

Hon. STEPHEN ROYCE, Chief Judge,
Hon. HILAND HALL, } Assistant Judges.
Hon. CHARLES DAVIS, }

---

## GARDNER TRACY v. ZIMRI A. PEARL.

B. was indebted to A. upon book account; and A., being indebted to C., drew an order in writing, requesting B. to pay whatever balance might be due to him to C.; and this order was taken by C. for convenience merely, and with an understanding, that whatever amount he might receive from B. he should, when received, apply in payment, or part payment, of the amount due to him from A. This order was at first accepted verbally by B., and afterwards he indorsed upon it a written acceptance. Subsequently A. commenced an action in his own name against B., to recover the amount due to him upon book account, and, during the pendency of that suit, the acceptance upon the order was cancelled and the order was surrendered to A. by C., without the consent of B. And it was held, that this did not constitute a payment of the debt due from A. to C., nor operate as an absolute transfer to C. of the debt due from B. to A., and that A. might well recover the amount of the latter claim in the action brought in his own name.

Tracy *v.* Pearl.

BOOK ACCOUNT. Judgment to account was rendered in the county court, and auditors were appointed, who reported the facts as follows.

The firm of Pearl, Killam & LaClare, of which the defendant was a member, purchased from the plaintiff in July, 1844, a quantity of potash, for which the plaintiff claimed to recover in this action. On the 13th of October, 1844, the plaintiff, being indebted to one Roberts in a sum larger than the amount of his account against Pearl, Killam & LaClare, gave to Roberts an order, directed to that firm, in these words;—"I wish you to pay the balance due me on the potash I let you have to Mr. D. Roberts, and this shall be your receipt." This order was presented to Pearl, Killam & La-Clare by Roberts within a few days after it was given, and was by them accepted by parol, and they agreed to pay the amount to Roberts. After this Roberts called upon that firm for payment several times, and especially in February, 1845 ; but it was never paid,— but in March, 1845, they, at the request of Roberts, who had heard that the plaintiff had failed, and feared that he might lose his debt, as against him, indorsed upon the order the word "accepted," and signed to it their firm name. When Roberts received the order from the plaintiff, it was agreed between them, that he was to present the order to Pearl, Killam & LaClare and obtain the pay upon it, if he could, and that, if he obtained the pay from them, it was to go so far in payment of his account against the plaintiff; but the auditors reported, that Roberts did not accept the order, nor did the plaintiff give it, in payment, or part payment, of Robert's account against the plaintiff, and that Roberts did not receive the acceptance in extinguishment of any part of his account against the plaintiff, nor rely exclusively upon the responsibility of the acceptors, but that the order was given for convenience merely, and to enable Roberts to get a part of his pay on his account against the plaintiff;—but it appeared, that the defendant was never notified upon what agreement, or understanding, the order was given by the plaintiff to Roberts. Before this suit was commenced, Roberts informed the plaintiff, that he had not been able to obtain any thing upon the order; but Roberts retained the order in his possession, until after this suit was brought, and the defendant had no knowledge, or notice, that Roberts had returned, or intended to return,

Tracy *v.* Pearl.

the order to the plaintiff, until the time of the hearing before the auditors, when the order was produced, and the indorsement of acceptance was erased by the consent of Roberts.

The auditors reported, that there was a balance due to the plaintiff of $19,50, subject to the opinion of the court upon the foregoing facts.

The county court, May Term, 1846,—BENNETT, J., presiding,—accepted the report and rendered judgment thereon for the plaintiff. Exceptions by defendant.

*H. Adams* for defendant.

An order, drawn and accepted, is equivalent to a promissory note, and binds the acceptor in the same manner as the maker of a note is bound. Kyd on Bills 68. Nothing will discharge the acceptor but payment, or a release from the payee, or holder. Kyd on Bills 156—159. Chit. on Bills 280, 291, 309. The order, in this case, had every essential requisite of a bill of exchange and was unconditionally accepted by the drawees, and they thereby became holden to pay it to Roberts, the same as they would, if they had given their note to him for the sum due on the order. *Hutchins et al.* v. *Olcott*, 4 Vt. 549. Roberts, by procuring the written acceptance in March, 1845, after the order should have been paid or returned to the plaintiff for non-payment, made the order his own, and became liable to the plaintiff for the amount due upon it, whether he collected any thing from the drawees, or not.

*A. G. Whittemore* for plaintiff.

The acceptance of the order by the drawees was not even a temporary extinguishment of the simple contract debt due from them to the plaintiff;—1, Because there was no agreement to that effect, either between the drawees and the plaintiff, or between the drawees and Roberts; *Torrey* v. *Baxter*, 13 Vt. 452; *Brown* v. *Kewley*, 2 B. & P. 518; *Tarleton et al.* v. *Allhusen et al.*, 2 Ad. & E. 32, [29 E. C. L. 20;]—2, Because the order, and consequently the acceptance, were not negotiable; *Greenwood* v. *Curtis*, 4 Mass. 93; *Maneely* v. *McGee et al.*, 6 Mass. 143; *Plimley* v. *Westley*, 2 Bing. N. C. 249, [29 E. C. L. 322;]—3, Because the order and acceptance are entirely indefinite as to any sum. But if extinguished, or

Tracy *v.* Pearl.

suspended for a time, the right of action upon the original contract was revived, when the acceptance was dishonored by non-payment. Chit. on Bills 177. *Tempest* v. *Ord*, 1 Mad. 89. *Robinson* v. *Read*, 9 B. & C. 449, [17 E. C. L. 418.] *Taylor* v. *Briggs*, M. & M. 28, [22 E. C. L. 238.] *Hickling* v. *Hardy*, 7 Taunt. 312, [2 E. C. L. 118.] *Ward* v. *Evans*, 2 Ld. Raym. 928. *Popley* v. *Ashley*, 6 Mod. 147. *Puckford* v. *Maxwell*, 6 T. R. 52. *Brown* v. *Kewley*, 2 B. & P. 518. *Tapley* v. *Martens*, 8 T. R. 451. No principle is better settled, than that an action may be sustained on the original contract of the defendant, in such case, even though he may have accepted a draft of the plaintiff, which is outstanding in the hands of a third person at the time of the commencement of the suit, if the draft have been dishonored by the acceptor, provided only that the plaintiff produce it at the trial and cancel it, or offer to surrender it to the defendant. *Norris* v. *Aylett*, 2 Camp. 329. *Burden* v. *Halton*, 15 E. C. L. 37. *Hawden* v. *Mendisable*, 2 C. & P. 20, [12 E. C. L. 19.] *Hughes* v. *Wheeler*, 8 Cow. 77.

But the order was never delivered to Roberts in any capacity, other than that of agent to the plaintiff, and as a matter of mutual convenience to the drawer, payee and acceptor; and consequently none of the rights, duties, or liabilities, arising upon the transfer of mercantile paper, ever attached to these parties.

The opinion of the court was delivered by

DAVIS, J. The observations of REDFIELD, J., in delivering the opinion in the case of *Torrey* v. *Baxter*, 13 Vt. 452, that it was evident, that the plaintiff, in moral equity and good conscience, was entitled to recover for the debt originally due him, that it will rarely be found that technical principles of law stand in the way of such a result, are fully applicable to this case. In that case, which was assumpsit on a note and upon the common counts, the defence was, that the plaintiff's demand was paid by the sale and transfer to him of a note executed by one Peake to Baxter & Throop,—the plaintiff's claim having been originally against them as partners,— upon which the written guaranty of the payees was indorsed. Before Peake had paid any thing on the note, Throop applied to the plaintiff for a return of it, on account of some previous understand-

ing, that it should be offset against a note which Peake had obtained of one Parker against the firm. It was given up and the note in suit was given ; but this, being after the dissolution, was held invalid ; and the plaintiff was driven to rely on his original claim for goods sold, which had been settled by the Peake note. It is probable, though the case does not expressly so state, that Peake had been notified of the transfer of his note to the plaintiff. It was held, that the plaintiff, not having collected the note, nor put it in circulation, nor made it his own by unreasonable delay, nor agreed absolutely and unconditionally to receive it in payment of his debt, might well recover upon his original cause of action.

The present case bears a strong analogy to that. In neither was there any real payment. Here, instead of passing a note against a third person, guaranteed by the defendants, the avails of which, with their consent, came back into their own hands, and thus the guaranty became inoperative, a bill, or order, drawn upon them in favor of a third person, is accepted, but not paid, and ultimately, after suit brought, is, without the consent of the defendant, surrendered to the drawer, with the acceptance cancelled. Neither was a value parted with, nor did a subsisting responsibility to another, in lieu of the original liability, remain.

So far as the payee, Roberts, is concerned, it is manifest, that the receipt of the bill, or order, supposing it to have the ordinary qualities of such an instrument,—which I shall remark upon by and by,—with the verbal and written acceptance superadded, did not constitute a payment of his debt against the drawer, Tracy, because it was not only not agreed to be received as payment, but the contrary was expressly stipulated. To give it that effect, he must have received the pay upon it, negotiated it, or made it his own by some laches, which may be presumed to have operated to the prejudice of the drawer. It is not claimed, that he did either, except that it is insisted, that, by procuring a written acceptance in March, 1845, a considerable time after a verbal acceptance had been given, he brought the case under the last contingency. No new rights were acquired and no new responsibilities were incurred by that ceremony. A verbal acceptance, the order being in existence and in the hands of the payee, was, for every purpose save the convenience of proof, of

Tracy *v.* Pearl.

equal validity with the written acceptance that followed. Chit. on Bills 176–8. 3 Kent 83.

Whatever rights, as against the defendant, Roberts may have acquired by the acceptance, they were such as could be released; and the surrender of the bill to the drawer, with the cancelling of the written acceptance, were tantamount to a formal release. If true, then, that this acceptance imposed a new obligation to a third person, with the consent of the original creditor, which, while it continued, should have the effect of suspending the original indebtedness, relief from such collateral responsibility would restore such indebtedness. *Torrey v. Baxter,* above cited. *Hays v. McClurg,* 4 Watts. 452. *Burdick v. Green,* 15 Johns. 247. *Stebbins* v. *Kellogg,* 5 Conn. 265. *Kean v. Dufresne,* 3 S. & R. 233. 1 Nott & McCord 187. A note of a third person, taken as payment, will nevertheless not extinguish the original debt, if there be any fraudulent representations as to the solvency of the maker. *Pierce v. Drake,* 15 Johns. 435. *Wilson v. Force,* 6 Johns. 110. So if the note prove not available from some vice in it, as if given on a gambling consideration. *Baird v. Brandon,* 2 Nott & McCord 102. *Owenson v. Morse,* 7 T. R. 64. In England, the authorities are to the same effect. The case of *Tarleton v. Allhusen,* 2 Ad. & E. 32, goes far beyond the present; as a bill was not only drawn and accepted, but was actually negotiated, and a judgment recovered thereon in favor of the indorsee, though not satisfied; subsequently the plaintiff took up the bill himself,—as the plaintiff did here,—the judgment became in effect vacated, and the defendant was adjudged liable on his original indebtedness. *Robinson v. Read,* 9 B. & C. 449. *Tapley v. Martens,* 8 T. R. 451. *Burden v. Halton,* 4 Bing. 454. If the accepted bill be lost, or destroyed, so that the acceptor is no longer in danger of being called on, the original indebtedness revives. *Woodford v. Whiteley,* M. & M. 517. *Rolt v. Watson,* 4 Bing. 273. These and many similar cases proceed upon a natural principle of justice, which denies to a mere technical, temporary, constructive, or conditional payment the effect of a substantial payment,—at the same time taking care to protect the defendant against any collateral or substituted responsibilities by a surrender, or cancellation, or destruction, of the evidence of such responsibilities.

There is, however, another aspect, in which this case may be viewed, which will lead to the same result, and perhaps upon grounds even more satisfactory. The order drawn in favor of Roberts and accepted has no claim to be regarded as a mercantile bill of exchange; nor can it be governed by the principles applicable to that species of paper. Its terms are not such as are usual and essential to constitute a bill. There is no sum of money specified in it; but it is merely a request to pay over the balance in the hands of Pearl, Killam & LaClare to Roberts. Nothing on the face of the instrument indicates what that balance is, and no mode of ascertaining it by computation, or otherwise, is pointed out. It has always been held essential to paper of this kind, that it should be for money, and payable absolutely, not contingently, and not out of a particular fund. These qualities are indispensable, to obviate inconveniences which would arise, if it were necessary to make inquiries into these matters before the paper could be taken. Equally necessary is it, that the amount should not be a matter of uncertainty. How could the holder here ascertain what sum he was to be accountable for, until the balance was paid? Is that to be left wholly to the acceptor? On suit against him by the holder, what sum is he to recover? The bill does not show; and must the whole matter of perhaps a complicated account between the drawer and drawee be gone into and adjusted, in order to ascertain those damages? Negotiability is not essential to the validity of a bill, and this is not in terms made negotiable. If it had been drawn to Roberts and order, or bearer, could it possibly be made to answer the purposes of negotiable mercantile paper? Assuredly not.

Farther, the facts in the case show satisfactorily to my mind, that it was neither drawn, nor taken, with the view of creating any new and independent liability. The auditor distinctly finds, that it was merely passed as a matter of convenience, and only to be available, when the money, claimed by Tracy to be due him, should be paid to Roberts. The debt due from Tracy to Roberts would therefore not be extinguished, until the amount should be received from the defendant. Roberts was, then, merely the *agent of* the former, to call upon his debtor and receive what might be due him; payment to the agent would be payment to the principal, and any new promises, verbal, or written, made to the former, were simply a recogni-

Tracy *v.* Pearl.

tion of a subsisting liability, with renewed assurances of payment, and not the creation of a new and independent obligation to a third person. The circumstance, that the agent was a creditor of the principal, and that the money, when received, would, by consent, be applied in satisfaction of the debt, does not at all affect the character of the transaction. If, on account of unreasonable delay in calling for payment, or giving new time, the debt should be lost by the failure of the debtor, this might perhaps justly throw the loss upon the agent; but the legal responsibility of the original debtor would not be impaired thereby.

There was, then, no error in the judgment of the county court, and the same is affirmed.