LOUISA POWERS *vs.* SARAH T. PATTEN.

Aroostook.    Opinion December 31, 1880.

*Mortgage as evidence of title.    Deed of husband and wife.    Estoppel.*
*After-acquired title.    Covenants; to what they relate.*
*Life lease.    Tax title.*

A mortgage alone, without the production of the notes secured by it, is evidence of title and the mortgage debt.    It is the mortgager's admission to that effect.    Whether sufficient and satisfactory or not depends upon the accompanying circumstances.

Under a deed, by husband and wife, of the wife's land, with covenants of warranty by both, a title afterwards acquired by the husband inures by way of estoppel to the grantee, as against the grantor and all persons who hold under the grantor's deed given after the subsequent title is acquired.

Such after-acquired title descends to any person who holds under the first grantee, however remote from him in the line of title; and the succession is not broken by some of the intervening deeds conveying only "the right, title and interest in the land" which the grantors had; such mode of conveyance being equivalent to a release deed at least.

Covenants in a deed are not qualified by a reference in the deed, in aid of its description, to another deed which is declared to be subject to a mortgage; the reference being for the purpose of describing the land and not the title to be conveyed.

A deed from the demandant's grantor to the tenant, subsequent to his deed to the demandant, obtained after action brought, is not admissible in evidence to enable the tenant to set up a defence that the first deed was given to defraud the grantor's subsequent creditors and purchasers.

A mortgage of land to secure a bond for the support of a person for life, is not extinguished by a lease of the same premises for life afterwards given by mortgager to mortgagee; the latter is ancillary to the former, and so far as executed may operate as a satisfaction of the covenants of the bond *pro tanto.*

ON REPORT.

Writ of entry, wherein the plaintiff demands possession of thirty-one acres of land in Houlton.    The plea was the general issue, with a brief statement claiming title in the defendant.

The opinion states the case.    The materials referred to in the opinion as put in evidence to establish a tax title, were : A tax deed from William Donovan, a collector of taxes of the town of Houlton for the year 1869, to Samuel H. Powers, dated August 22, 1870, and recorded September 24, 1872; a tax deed from

John V. Putnam, a collector of taxes for the town of Houlton for the year 1868, to Samuel H. Powers, dated April 11, 1870, and not recorded; and a quitclaim deed from Samuel H. Powers to Louisa Powers, dated November 14, 1872, and recorded same day.

By the terms of the report the law court was to render such judgment as the case requires.

*Powers & Powers*, for the plaintiff, cited: *Bachelder* v. *Lovely*, 69 Maine, 33; *Wilson* v. *Widenham*, 51 Maine, 556; R. S., c. 82, § 15; *Andrews* v. *Hooper*, 13 Mass. 472.

It is true that Isaac Smith, Jr. gave Lydia Smith a bond for the support of herself and husband, and secured it by a mortgage on the premises. Some dissatisfaction having arisen with this arrangement, a life lease of the same premises was given instead of the bond and mortgage. The plaintiff testifies that the life lease was given in the place of the bond, and the bond was considered of no value on that account.

If this is so, neither the mortgagee nor her assignee can make any claim under the mortgage, any more than they could if it had been given to secure a note and the note had been paid.

For what other purpose or with what other understanding could the life lease have been given?

Moreover, in the will of Lydia Smith, mention is made of the life lease, but nothing of the bond or mortgage.

The defendant could not produce the bond at the trial; the presumption is, that it was cancelled and surrendered at the time the life lease was given.

The life lease was discharged and delivered to this plaintiff and was produced by her, with the written discharge upon it, at the trial.

*Madigan & Donworth*, and *W. M. Robinson*, for the defendant, cited: R. S., c. 6, § 76; *Loomis et al.* v. *Pingree et als.* 43 Maine, 299; *Pike* v. *Galvin*, 29 *Id.* 183; *Harriman* v. *Gray*, 49 *Id.* 537; *Read* v. *Fogg*, 60 *Id.* 481; Bigelow on Estoppel, 274, 293, 294, 337, 338.

See also, 59 Maine, 157; 64 *Id.* 200; 51 *Id.* 367; 50 *Id.* 62; 53 *Id.* 275; 31 *Id.* 177, 395; 12 Pick. 47, 67; 4 Kent's Com.

8th ed. 371, 270, 271; Rawle on Covenants, 4th ed. 383, 387, 388; 13 Maine, 281; 20 *Id.* 260; 14 Johns. 193; 3 Wheat. 452; 6 Cush. 34; *Brown* v. *Staples,* 28 Maine, 497; 13 Pick. 60; 20 Pick. 458; 33 Maine, 483; 34 *Id.* 299. This case differs from *Batchelder* v. *Lovely,* 69 Maine, 33.

PETERS, J. The conveyances upon which the one or the other side depends, to prove its claim of title to the premises in question, are these: Joseph Houlton to Charles B. Smith, in 1852.; (Charles B. Smith to Joseph Houlton, mortgage back on same day); Charles B. Smith (subject to mortgage) to I. B. Smith, Jr. in 1856; I. B. Smith, Jr. to Lydia Smith, in 1859; Lydia Smith and husband (I. B. Smith, Sr.) to I. B. Smith, Jr. in 1863; I. B. Smith, Jr. to Lydia Smith, a mortgage back on same day to secure a bond given for her and her husband's life support; I. B. Smith, Jr. to Lydia Smith, in 1864, a life lease for the life of herself and husband, or the survivor of them; Lydia Smith to I. B. Smith, Sr. a devise by will executed in 1867, and probated in 1869; I. B. Smith, Jr. to Samuel H. and Louisa Powers, in 1872; and Samuel H. Powers to Louisa Powers (demandant,) in 1873.

This chain shows the title in the demandant, subject to two mortgages and a lease. The materials put in evidence to establish a tax title, are clearly useless for that purpose.

The defendant claims title or at least a right of possession under the aforenamed mortgages and lease, or some one of them.

Joseph Houlton foreclosed his mortgage from Charles B. Smith, the foreclosure expiring in 1867; Joseph Houlton to Eben Woodbury in 1871, (warranty); Woodbury to I. B. Smith, Sr. in 1874; I. B. Smith, Sr. to Sarah T. Patten (defendant,) in 1874. This chain of conveyances, but for difficulties afterwards stated, shows the title to be in the defendant.

In addition to his previous conveyances, I. B. Smith, Jr. conveyed the same premises to the defendant on January 10, 1880.

Several questions arise, which are to be considered in their legal and not equitable bearings, although possibly some of them might result differently in equity.

The demandant contends, that, as no notes are produced to support the mortgage of Smith to Houlton, the presumption is that they have been paid. This point is not sustained. If the present defendant were in the position of a demandant, and a conditional judgment was demanded by either side entitled to it, in such case she could not recover without producing the notes, or accounting for their non-production. *Blethen* v. *Dwinal*, 35 Maine, 556. But here the defendant, representing the mortgage title, is in possession. At common law, she could not be sued out of possession, even by proof of payment of the mortgage debt, if paid after condition broken, ( *Wilson* v. *Ring*, 40 Maine, 116), although now otherwise by statute. R. S., c. 90, § 28. The mortgage itself is a conveyance of the estate, and the recital of the notes in the condition of the mortgage, is an admission of their existence and of the existence of the debt. Jones' Mort. 2d ed. 171. For the purpose of establishing the defendant's right of possession, the mortgage alone without the notes is admissible as evidence of title and the mortgage debt. *Smith* v. *Johns*, 3 Gray, 517. Whether sufficient and satisfactory or not, depends upon the accompanying circumstances. *Mathews* v. *Light*, 40 Maine, 394. We think that the circumstances in this case show that the mortgage notes were never wholly paid. At this place, the title would seem to be in the defendant.

The demandant, however, claims that the deed of Woodbury to Smith, Sr. in 1874, inures to her benefit, in this way : Lydia Smith and husband (I. B. Smith, Sr.) in 1863, as before stated, conveyed the premises to I. B. Smith, Jr. by a warrantee deed, while the mortgage title which descended to Woodbury was outstanding. The demandant claims that, when Woodbury conveyed to Smith, Sr. the mortgage interest passed through Smith, Jr. to her as an after-acquired title ; that Smith, Sr. became enabled in this way to make good his covenants of warranty to Smith, Jr. and that the same title became, by the other conveyances before named, assigned to her.

The defendant attempts upon various grounds to avoid this apparent dilemma.

It is said that the covenants of the husband do not run with land conveyed as his wife's estate, and not his. That is not so. It matters not whose land it was, or whether either had any title. *Nash* v. *Spofford*, 10 Met. 192.

It is said, also, that the Woodbury title was known to the demandant and all under whom the demandant claims. That does not affect her right. She claims under that title, and not in hostility to it. The two titles coalesce in her. She only gets what the covenants in the deed to her predecessor in title entitles her to have.

Then, it is contended, that the covenants in the deed from Smith, Sr. and wife, do not descend to the demandant, because in several of the intervening deeds, between that deed and hers, the grantors convey, not the land itself, but only "their right, title and interest" in the land. The argument is, to which we do not assent, that such a conveyance does not assign and transmit covenants of warranty which the grantor holds from parties preceding him. It is decided that a levy upon execution does not assign any covenants of warranty belonging to the debtor. *Crocker* v. *Pierce*, 31 Maine, 177. And the defendant also relies upon the case of *Blanchard* v. *Brooks*, 12 Pick. 46, which decides that such a deed passes the vested, and not the contingent, interest held by the grantor. The former case is determined upon reasons peculiar to itself. In the latter case, the question was whether, in addition to a vested interest, the deed also passed an interest which could come to the grantor under a devise, only upon the happening of a contingency. In the case at bar, there was no contingency whether the grantor was to have covenants of warranty. He had them. They were a part and parcel of his right, title and interest in the land. He assigned and sold all his rights and interests. Such a description would, certainly, be as effectual as a mere deed of release would be, and covenants of warranty may descend, through the operation of deeds that are mere naked releases, indefinitely from party to party. *Wilson* v. *Widenham*, 51 Maine, 566; *Brown* v. *Staples*, 28 Maine, 497.

The defendant contends that, even if the covenants passed by assignment to the demandant, so that she could maintain an action upon them, an after-acquired title only goes to the immediate grantee of the warrantor. That cannot be. The covenants and the title, as soon as they come together, are inseparable. The latest grantee is not only entitled, but is, *nolens volens*, compelled to receive the after-acquired title in satisfaction of the covenants held by him.

The defendant contends, further, that the deed of Smith and wife excepts the Woodbury mortgage from their general warranty. We think otherwise. They describe the land conveyed as being then occupied by themselves, and as "being the same conveyed by C. B. Smith to I. B. Smith, Jr. by deed dated November 7, 1856." The deed of C. B. Smith to I. B. Smith, Jr. referred to, describes the land fully by metes and bounds, concluding thus : "Said premises being subjected to the mortgage to Joseph Houlton," and another mortgage. The mortgage to Joseph Houlton is the one in question. The reference in the deed of Smith and wife to prior deeds was to identify and describe, not the amount of title, but the amount of land, to be conveyed. The title is not conveyed subject to any mortgage. No exception is made. *Hubbard* v. *Apthorp*, 3 Cush. 419.

It has been stated that, in 1880, I. B. Smith, Jr. conveyed to the respondent the same premises which he conveyed to the husband of the demandant in 1873. The defendant claims that the last supersedes the first deed, for the reason that the deed first made was gotten up to defraud the grantor's future creditors and purchasers. This defence comes too late for this suit. The deed to the defendant is dated long after the action was commenced. *Hall* v. *Bell*, 6 Met. 431; *Parlin* v. *Haynes*, 5 Maine, 178.

There is a point, however, urged by the defendant, which prevents the maintenance of the present action. The foregoing discussion has seemed necessary to expose to the parties what their legal rights may be, as a guide for future action. This may be an instance where the rule works harshly, which gives to the grantee of a warrantor an after-acquired title as against a subse-

quent innocent purchaser. The rule has been severely criticised in some quarters. Still it is the settled law of this State, and many titles have been bought and sold upon the strength of it. See *Knight* v. *Thayer*, 125 Mass. p. 27.

The point that saves the present possession of the premises to the defendant, arises upon the following facts: When I. B. Smith, Jr. received the deed of warranty from his father and mother, he mortgaged back to his mother, to secure a bond running to her for her and her husband's life support. He also afterwards made a lease of the premises to her during their lives or the lifetime of the survivor of them. These conveyances were prior to the deed from I. B. Smith, Jr. under which the demandant claims, and have precedence of it, unless they have been discharged or annulled in some way.

Have they been discharged? It is contended that the mortgage was superseded by the lease. That would not be so, at law. There are obligations imposed by the bond which are not performed merely by granting to the obligees a possession and use of the premises. So far as the lease has been executed, its enjoyment may operate as a satisfaction of the covenants of the bond *pro tanto*, and no more.

The lease has never been discharged. A declaration of a discharge upon the back of the lease in 1873, was signed by Smith, Sr., but we are well satisfied that this was signed and delivered conditionally. While these limits will not allow us to extend the discussion into a review of the testimony reported to us, we are convinced that neither lease nor mortgage were to be cancelled or surrendered until a more general arrangement was consummated by the parties, and that was never done. But if either the mortgage or lease shall be considered as now alive and subsisting, this action cannot be maintained. By her will, Lydia Smith bequeathed and devised to her husband all her property, real. personal and mixed, of every description. By his deed to the defendant, the right to hold and possess the premises for at least his life-time passes to her.

*Demandant nonsuit.*

APPLETON, C. J., WALTON, DANFORTH, VIRGIN and LIBBEY, JJ., concurred.