### JOHN W. AIKEN v. J. B. POSEY.

#### No. 1547.

**Pleading—Consideration—Extension of Note.**

An answer to a suit upon a promissory note alleging an extension of time for a valuable consideration, followed by an allegation of part payment at maturity on promise to extend the time, was not subject to special demurrer on the ground that it showed no consideration.    The general allegation of consideration was sufficient, and it might have consisted in an agreement by payee to relinquish his right of payment.    (Benson v. Phipps, 87 Texas, 580.)

APPEAL from District Court of Callahan County.    Tried below before Hon. T. H. CONNOR.

*Otis Bowyer*, for appellant.—Where a plea sets up a defense, however informally, it is not subject to a general demurrer, nor to a special demurrer if the defects of form are not thereby pointed out.    Naseworthy v. Draper, 28 S. W. Rep., 564.

*B. R. Webb*, for appellee.—The answer of defendant (appellant) was. subject to the objections thereto urged by the general demurrer and special exceptions of plaintiff. Defendant's alleged payment of the interest due on his note could not constitute a valuable consideration in law or equity. Helms v. Crane, 4 Texas Civ. App., 89; Yeary v. Smith, 45 Texas, 72; Bishop on Contracts, secs. 48, 49, 62; 5 Lawson's Rights & Remedies, secs. 2250, 2251; Brandt on Suretyship, sec. 306.

COLLARD, ASSOCIATE JUSTICE.—Suit by appellee, J. B. Posey, against John W. Aiken for a balance due on the latter's vendor's lien note and to foreclose lien, brought September 8, 1893—judgment for plaintiff for $827.34, to bear ten per cent interest per annum from date of judgment—October 24, 1894, and foreclosure of lien as prayed for, from which defendant has appealed to this court.

*Opinion.*—The judgment must be reversed. Besides general denial defendant answered substantially that some time prior to the maturity of the note plaintiff, for a valuable consideration, promised defendant, that if defendant would pay the interest on the note, he would not sue upon the note, but extend the same from time to time until he would be compelled to sue to prevent the bar of the statute of limitations; that the note matured in July, 1892 (July 21, 1892), and that it would not be barred by statute of limitations until July, 1896 (July 21, 1896); that upon maturity of the note defendant paid all the interest and the larger part of the principal then due, and has tendered to A. I. Hudson, plaintiff's agent, all of the interest due on the note, which the agent has refused to receive; that upon one occasion he had enough money on hand to pay off and discharge the note in full, and so stated to plaintiff, but plaintiff refused to receive the same, assuring defendant that under their agreement he could not and would not press defendant, and defendant says that, relying upon the agreement and assurances, he used the money he then had for other purposes * * * wherefore the note is not due, etc., etc. Plaintiff demurred to this answer upon the ground that the alleged promise pleaded was without consideration, and therefore void. The court sustained the demurrer, and on call of the case refused to grant defendant's first application to continue the case, made in due form, upon the ground that he had no answer to the suit but a general denial, which would constitute no defense against a promissory note upon which application to continue could be based. The court erred in sustaining the special demurrer to the answer. It contains a distinct averment that the promise to extend the time of payment of the note was made for a valuable consideration, and this was sufficient as to consideration for the promise, and would admit proof of the consideration whatever it was. The demurrer did not demand that defendant state explicitly what the consideration was, but merely affirmed that it shows that the promise was without consideration.

The consideration may have been the agreement by defendant that he

relinquished the right to pay the note after maturity and agreed to pay the interest on it as is indicated by the plea, the benefit accruing to plaintiff being the continuation of his interest-bearing note for the period named. This would have been a valid consideration for the promise, as was held in the case of Benson v. Phipps, 87 Texas, 580. The period of existence is definite—up to the time the note would be barred by limitation—that is, to July 21, 1896.

The answer shows that defendant complied with his undertaking to pay the interest, that he had tendered all the interest, and that plaintiff had refused to receive it.

The answer was not demurrable for the cause stated and the court erred in sustaining it, for which the judgment must be reversed. The error assigned for the refusal of the court to continue the case becomes unimportant.

The judgment of the lower court reversed and the cause remanded.

*Reversed and remanded.*

Justice Key did not sit in this case.

Decided May 13, 1896.