## A. S. EATON v. S. S. WHITMORE et al.
### No. 146.

1. PRINCIPAL AND SURETY—*Release of Surety.* The surety on a note is not released by the mere promise of the holder, made to the principal maker, without the knowledge or consent of the surety, to give an extension of the time of payment thereof, unless such promise is founded upon a new and sufficient consideration.

2. —————— *Extension—Valid Agreement.* The promise of the holder of a note to grant an extension of the time for its payment for a certain time after maturity, in consideration of the promise of the maker to pay interest thereon at a stipulated rate for such period, constitutes a valid and binding agreement, upon sufficient consideration, notwithstanding the rate of interest so agreed to be paid is less than that named in the note.

MEMORANDUM.—Error from Smith district court; CYRUS HEREN, judge. Action by A. S. Eaton against

S. S. Whitmore and H. L. Simmons upon a promissory note. Judgment for defendants. Plaintiff brings the case to this court. Reversed. The opinion herein, filed June 4, 1896, states the material facts.

*B. H. Tracy*, for plaintiff in error.

The opinion of the court was delivered by

GARVER, J. : On February 1, 1892, H. L. Simmons, as surety for S. S. Whitmore, joined with the latter in the execution of a note for $304.80 in favor of A. S. Eaton, payable April 4, 1892, with interest from date at the rate of 10 per cent. per annum. July 20, 1892, this action was commenced by Eaton against the makers of the note to recover the amount of the same. Simmons answered, alleging an agreement between Whitmore and Eaton for an extension of the time of payment of the note without his knowledge or consent, by reason whereof he claimed to be released. The only matter presented for our consideration is whether the evidence tends to sustain this defense of the surety, and whether the trial judge erred in his instructions to the jury with reference thereto.

Upon the trial, Eaton denied positively that there was any conversation or communication whatever between him and Whitmore concerning an extension of the time of payment of the note. Whitmore testified that, on June 1, 1892, he and Eaton had a talk as follows :

" Says I, 'I can't pay it now' ; and he says, 'I will give you good time on it, at 8 per cent. ; I will give you a year.' I says, 'Kansas is uncertain, sometimes, in crops.' He says, 'You will have good crops this year and you can pay it.' I says, 'It is uncertain, sometimes, and I may not be able to pay it.' He says,

'If you do n't have good crops and can't pay it, I will give you more time'; 'another year,' I think he said."

That, with Eaton's denial, was all the evidence upon the subject. Upon this, the court instructed the jury:

"If there was a contract or agreement between plaintiff and defendant Whitmore that the note sued upon was to be extended for the period of one year, and in consideration thereof defendant Whitmore agreed to pay 8 per cent. interest for said year for such extension, and that such extension was made without the consent of the surety, then such agreement of extension would relieve the defendant Simmons from liability; but a mere promise on the part of plaintiff to wait for his money, or not enforce its collection, without specifying a definite time of extension, would not relieve the surety."

It is contended by counsel for plaintiff, that as the note bore 10 per cent. interest, a promise to grant an extension, the only consideration for which was a promise on the part of the maker to pay interest at the rate of 8 per cent., was not an agreement based upon a valid and sufficient consideration; that by such agreement he was not called upon to do anything more than he had already promised and agreed to do, and which he was already bound in law to perform. It is familiar law that a promise to extend the time of payment of a note, to be binding, must be based upon a sufficient consideration, and that such consideration must be something other than the mere doing or promising to do by the opposite party that to which he was obligated by the original contract. (*Dudley v. Reynolds*, 1 Kan. 285; *Jenness v. Cutler*, 12 id. 500; *Prather v. Gammon*, 25 id. 379; *Ingels v. Sutliff*, 36 id. 444.) Although, in this case, the consideration for the claimed agreement for an extension may

have been merely the promise of Whitmore to pay interest at a less rate than that which, by the terms of the note, he had already promised to pay, yet we are of the opinion, if it was a promise to pay such interest for a definite future time, it furnished a valid and sufficient consideration to support an agreement to extend the time of payment for such period. It is true the amount agreed to be paid is no more, and in this particular case was less, than could be demanded under the original contract, provided payment was delayed for a like period of time as a mere matter of indulgence; but, by the new agreement, there was engrafted on the original contract a new and additional feature, that the maker of the note waived his right to stop interest by paying the debt at any time after maturity, and bound himself to pay interest for a further and definite time. He thereby assumed an obligation which was not before imposed upon him, and the holder of the note acquired an additional substantial right, that of refusing payment and exacting interest for the full period of the extension. Such mutual promises are a sufficient consideration each for the other. (*Bailey v. Adams*, 10 N. H. 162; *Chute v. Pattee*, 37 Me. 102; *McComb v. Kittridge*, 14 Ohio, 348; *Wood v. Newkirk*, 15 Ohio St. 295; *Fawcett v. Freshwater*, 31 id 637.)

It must be observed, however, that in such case it is essential that there be a definite and express promise on the part of the maker of the note to pay interest for the stipulated time. The mere promise or offer, on the part of the one to whom payment is due, to give further time, without a positive agreement on the part of the debtor to pay interest for such time, is a promise without any consideration to support it; it is a mere *nudum pactum*, and does not change the legal

relations of the parties. (*Fulton v. Matthews*, 15 Johns. 433 ; *Bailey v. Adams*, 10 N. H. 162 ; *Wilson v. Powers*, 130 Mass. 127.) In this respect the instructions given to the jury were misleading, in that they implied that a mere promise on the part of the plaintiff to wait for his money for a definite time would constitute a valid and binding agreement for an extension of payment for such time, without regard to any promise or agreement on the part of the debtor. The additional time agreed upon must also be certain ; otherwise, payment could be demanded forthwith, and the agreement would amount to nothing more than a promise to pay a certain interest until actual payment of the principal. Such an agreement would add no new or additional feature to the original contract, and, there being no new consideration, there would not be a valid and binding agreement entered into which could effect the release of the surety.

There is an entire failure of the evidence to bring this case within these rules. The testimony of the defendant, even when accepted for all that can possibly be claimed for it, does not tend to establish a valid agreement for an extension. There is no pretense that Whitmore promised to pay anything, either principal or interest, in consideration of the promise of the plaintiff to give another year for payment. On the contrary, when this action was brought upon the the note, within two months after the claimed agreement was made, Whitmore, instead of asserting any such agreement, alleged matters in defense for the purpose of showing that he is not indebted to the plaintiff in any sum whatever.

The plaintiff made a motion for a new trial, one of the grounds being that the verdict in favor of the surety, Simmons, was not sustained by the evidence.

This motion should have been sustained; and, for the error commited in overruling it, the judgment is reversed, and the case remanded for a new trial.

All the Judges concurring.