SHAYLER *v.* GIDDINS.

BILLS AND NOTES — EXTENSION — CONSIDERATION — RELEASE OF SURETY.
  A promise to pay interest on an interest-bearing note after maturity until the note is paid is not a sufficient consideration to support an agreement by the payee to extend indefinitely the time of payment, so as to discharge a surety thereon.

Error to Oakland; Smith, J. Submitted January 12, 1900. Decided January 23, 1900.

*Assumpsit* by Harriet A. Shayler against Eddison Giddins and Andrew A. Garner on a promissory note. From

a judgment for plaintiff, defendant Garner brings error.
Affirmed.

*Davis & Bromley,* for appellant.

*John H. Patterson* and *Samuel J. Patterson,* for
appellee, cited, in addition to the cases discussed in *Olm-
stead* v. *Latimer,* 158 N. Y. 313, referred to in the opin-
ion, the following cases: *Place* v. *McIlvain,* 38 N. Y.
96 (97 Am. Dec. 777); *Dyar* v. *Shenkberg,* 93 Iowa, 154;
*Eaton* v *Whitmore,* 3 Kan. App. 760; *Binnian* v. *Jen-
nings,* 14 Wash. 677; *Burrus* v. *Davis,* 67 Mo. App.
210; *Harburg* v. *Kumpf,* 151 Mo. 16; *Hunt* v. *Bridg-
ham,* 2 Pick. 581 (13 Am. Dec. 458); *Bank* v. *Parsons,*
138 Mass. 53; *Oberndorff* v. *Bank,* 31 Md. 126 (1 Am.
Rep. 31); *Bank* v. *McAllister's Estate,* 56 Neb. 188;
*Abel* v. *Alexander,* 45 Ind. 523 (15 Am. Rep. 270);
*Olson* v. *Chism,* 21 Ind. App. 40; *Garton* v. *Bank,* 34
Mich. 279; *Smith* v. *Shelden,* 35 Mich. 42 (24 Am. Rep.
529); *Hayes* v. *Knox,* 41 Mich. 529; *Insurance Co.* v.
*Soule,* 51 Mich. 312; *Case* v. *O'Brien,* 66 Mich. 289.

Hooker, J. Shayler took a note signed by Giddins
and Garner, the latter being known to be a surety. It
was payable in one year, with interest. Garner defends
an action upon the note upon the ground that he was dis-
charged by an extension of time given to Giddins without
his knowledge. It is admitted that the only consideration
for the extension was Giddins' alleged promise to pay
interest after maturity, and until the note should be paid.
The defendant claims that the note was extended by
agreement for a year on three different occasions, when
interest due was paid. The plaintiff denies an agreement
to extend for a definite period, but admits that she agreed
that the note might run, on payment of interest due, if
Giddins was not ready to pay the principal. The jury
found specially that the plaintiff simply allowed the note
to run indefinitely so long as the interest was paid, and
that she at no time agreed to extend the time of payment

for a year, or any other definite time.    We must therefore consider this question settled, as the evidence was conflicting.

The appellant insists that the promise to pay interest after maturity for an indefinite time was a sufficient consideration for a promise to forbear suit, *i. e.*, extend the time.    We think this cannot be, for the reason that the maker was already bound to pay interest until he should ·pay the note.    We are cited to three cases which are said to support this contention; but most, if not all, of them were cases where a time either definite, or susceptible of being made so, was fixed for payment. *Benson* v. *Phipps*, 87 Tex. 578 (47 Am. St. Rep. 128); *Aiken* v. *Posey*, 13 Tex. Civ. App. 607; *Kearby* v. *Hopkins*, 14 Tex. Civ. App. 166.    The first seems to turn on an agreement to forbear suit for a definite time, and cites several cases in support of its conclusion that such a promise is a sufficient consideration for a promise by the debtor to pay interest for a longer period than required by the note.    The opinion distinguishes cases where there is a mere promise to forbear suit, without any corresponding promise not to pay during the period of the promised forbearance; adding, "In such cases it is clear that there is no consideration for the promise."    The others are consistent with this statement.    In this connection, see the recent case of *Potter* v. *Railway Co.*, *ante*, 179.    The cases are uniform in opposition to defendant's contention.    See *Olmstead* v. *Latimer*, 158 N. Y. 313 (43 L. R. A. 685), which discusses the New York cases, and plaintiff's brief, which cites numerous Michigan and other cases in point.

The evidence is all before us, and as we are able to say that the court might properly have directed a verdict for the plaintiff, and that no error in the reception or exclusion of testimony appears, we may properly affirm the judgment.    It is so ordered.

The other Justices concurred.