FERRIS v. JOHNSON.

136    227
d138  2 62
138    63
136   227
f146  3190

1. CHATTEL MORTGAGES—PROMISSORY NOTES—VARIANCE—MATURITY OF DEBT.

Where, as respects the maturity of the debt, there is irreconcilable conflict between the terms of promissory notes and a chattel mortgage given as collateral to secure their payment, the notes constitute the primary contract, and are controlling.

2. FORBEARANCE TO SUE—CONSIDERATION—PAYMENT OF INTEREST.

Payment, after maturity, of interest on an interest-bearing note, is not a sufficient consideration to support a promise of forbearance to sue.

3. SAME—NEW CONTRACT.

A promise to pay interest for a definite time, or at least for some period, as a consideration for an agreement to forbear suit, must be deducible from the writing or the conversation constituting the new contract.

4. PREMATURE FORECLOSURE—REPLEVIN—DAMAGES.

Where plaintiffs, claiming under their mortgage, took possession of the mortgaged chattels by a writ of replevin a few days before they were entitled to do so, the situation of the property, the interest of the parties, and plaintiffs' right to possession after default, were circumstances bearing on the question of damages to the mortgagors; and it was error to permit the jury to award them damages for the value of the

use of the property after the time when, under the terms of the mortgage, plaintiffs were lawfully entitled to its possession.

Error to Wexford; Chittenden, J. Submitted February 2, 1904. (Docket No. 64.) Decided March 29, 1904.

Replevin by Egbert F. Ferris and Guy L. Champney, copartners as Ferris & Champney, against Charles W. Johnson and William McPherson. From a judgment for defendants, plaintiffs bring error. Reversed.

*Patchin & Crotser*, for appellants.

*Fred C. Wetmore*, for appellees.

HOOKER, J. The plaintiffs have appealed from a judgment in replevin in favor of defendants for return of property and $500 damages for its detention.

Plaintiffs sold to the defendants an engine, taking four notes, secured by a mortgage upon the same and upon two teams and harnesses; said teams not being owned jointly by defendants, but in severalty, each owning a team. The plaintiffs demanded the property, and, being refused, replevied it, and sold it at foreclosure sale. The defendants claim that the seizure was made before the first note became due, basing such claim upon an alleged agreement to extend the time for 15 days if defendants would pay the interest on said note on the second day of grace, and one-half of the principal of said note within 3 days; their testimony being that the property was taken before said 3 days expired. This was contradicted by plaintiffs' testimony, but this raised a question of fact, if the agreement constituted a valid contract of extension. The court permitted the recovery of $500 damages for the detention of the teams and other property, and it is claimed that this was error, for the reason that the teams were owned in severalty; the court refusing to instruct the jury that defendants could not recover damages for such detention of

the horses.   A judgment was rendered for the return of the property and $500 damages.

The propriety of leaving to the jury the question of extension of time depends upon the construction to be given to the notes and mortgage.   The notes bore date July 26, 1901, and the first one, upon which the case depends, was payable, according to its terms, in 60 days; the second in four months; the third and fourth, October 1, 1902, and December 1, 1902, respectively.   The chattel mortgage was conditioned for the payment of the debt " *according to the terms* · of four certain promissory notes," etc., " as follows: One note dated July 26, 1901, due September 26, 1901, for $75; one note dated July 26, 1901, due November 26, 1901, for $75; one note dated July 26, 1901, due October 1, 1902, for $75; one note dated July 26, 1901, due December 1, 1902, for $75."   Upon September 28th, which was Saturday, one of the defendants went to Traverse City and asked an extension of 30 days upon the first note.   He claims that plaintiffs said that they would give such extension for 15 days.   Defendant then asked them to figure up the interest " on the notes," which they did, and it amounted to 88 cents, which was paid.   Eighty-eight cents was scant interest upon the first note for 60 days, so that there was no consideration for this extension, unless this interest was paid before the maturity of the note.   If the terms of the note are to govern, rather than the date stated in the mortgage, the 3 days of grace expired September 27th, making the payment of interest after the note was due; but, if the mortgage fixes the time, the 29th would be the last day of grace, but for its being Sunday.

While a mortgage may modify the contract, an irreconcilable contradiction by the mortgage of the terms of the note cannot be allowed to affect the contract as shown in the note.   The indebtedness is represented by the notes, which constitute the primary contract.   To these the mortgage is collateral, and to them it refers for the purpose of identification of the debt and contract, perform-

ance of which is secured by the mortgage. Mistakes in. such descriptions are not necessarily fatal. See 1 Jones, Mortg. § 71; *Ætna Life-Ins. Co.* v. *Finch,* 84 Ind. 301; *Powers* v. *Patten,* 71 Me. 583; *Fetes* v. *O'Laughlin,* 62 Iowa, 532 (17 N. W. 764); *Williams* v. *Bank,* 72 Mo. 292; *Aull* v. *Lee,* 61 Mo. 160; *Riggs* v. *Armstrong,* 23. W. Va. 760; *Porter* v. *Smith,* 13 Vt. 492; *Van Wagner* v. *Van Wagner,* 7 N. J. Eq. 27.

The note being due on the 27th of September, payment of interest already earned and due would not support a promise of forbearance to sue,.which would be a *nudum pactum. Shayler* v. *Giddins,* 122 Mich. 660 (81 N. W. 552), and cases cited. It is only upon the theory that a party is not bound by such a promise that a surety is not discharged when the promise has no valid consideration to rest upon. See *Olmstead* v. *Latimer,* 158 N. Y. 313 (53 N. E. 5, 43. L. R. A. 685); *Abbott* v. *Doane,* 34 L. R. A. 33, notes. (s. c., 163 Mass. 433, 40 N. E. 197).

The court erred in instructing the jury that they must find a verdict for the defendants if the parties agreed upon. an extension, for no such binding contract was made, under the most favorable view to defendants that can be taken of this record. If it be conceded that an agreement to pay interest for a definite time is a sufficient consideration for a promise to forbear, as many cases hold, a promise to pay such interest for a definite time, or at least for some period, must be deducible from the writing or conversation constituting the new contract. The testimony in this case contains no affirmative evidence of that fact, even if a promise to pay interest at all can be inferred from the request for an extension. Defendants' request was for an extension for 30 days. It is said to have been granted for 15, but it was under circumstances that tend to show that plaintiffs were exacting no promise to withhold payment and pay interest for 15 days, and which show, on the contrary, that both parties must have understood that the money could be paid and would be accepted at any time. It was not, therefore, a valid contract. See *Bailey* v.

*Adams,* 10 N. H. 162; *Wheat* v. *Kendall,* 6 N. H. 504; *Fowler* v. *Brooks,* 13 N. H. 247; *Eaton* v. *Whitmore,* 3 Kan. App. 760 (45 Pac. 450); *Henry* v. *Gilliland,* 103 Ind. 178 (2 N. E. 360); *Reynolds* v. *Barnard,* 36 Ill. App. 223; *Crossman* v. *Wohlleben,* 90 Ill. 537; *McComb* v. *Kittridge,* 14 Ohio, 351; *Wood* v. *Newkirk,* 15 Ohio St. 298; *Jones* v. *Brown,* 11 Ohio St. 606, 609; *Hayes* v. *Knox,* 41 Mich. 532 (2 N. W. 670); *Case* v. *O'Brien,* 66 Mich. 290 (33 N. W. 405).

If it were true that the plaintiffs had begun the suit before they were entitled to possession of the property, the note was due a few days later, and their right to foreclose at such a time cannot be denied. They also purchased a prior overdue mortgage upon some of the property, and claim to have sold the property, or some of it, upon that, at private sale, which they had a right to do without notice. Yet, although clearly entitled to take possession under either mortgage soon after the action was begun, the defendants were allowed to recover not only the property, but a large amount of money for damages. This verdict impresses us as so excessive and unjust that we are surprised that the trial court should have permitted it to stand. The situation of the property, and the interest of each in the same, as well as plaintiffs' right to possession after default, were circumstances bearing upon the question of damages; and it was error to allow the jury to give damages for the value of the services of the teams after the time when, under the terms of the mortgage, even as modified by this alleged agreement, the plaintiffs were lawfully entitled to the possession of the property, which mortgage defendants were still liable to pay, though plaintiffs' action were premature. See Cobbey, Repl. § 176, and the following cases cited: *Hickman* v. *Dill,* 32 Mo. App. 518, and cases cited. In *Leonard* v. *Whitney,* 109 Mass. 268, it is said:

"The court will always, however, receive evidence of a change in the legal interest of the party since the commencement of the action of replevin, which makes it im-

proper to order a return, or to allow full damages, when it has been ordered, for a refusal to comply. Thus, failure of title or right of possession since the commencement of the suit, or the fact that the property has gone to the possession of the true owner, may be set up as reasons for refusing to order a return. So it may be proved, in mitigation of damages, in an action on the bond, that the original action was defeated solely because it was prematurely brought, or, in other words, because the property had gone to the true owner. *Davis* v. *Harding*, 3 Allen, 302; *Barry* v. *O'Brien*, 103 Mass. 520. And in *Bartlett* v. *Kidder*, 14 Gray, 449, which was an action on the bond after the plaintiff in replevin had become nonsuit and a return had been ordered, it was allowed to be shown by the defendants, in reduction of damages, that the property was held in common by them and the debtor, whose goods the defendant in replevin, as sheriff, had attached; and the damages were reduced to the value of the interest of the debtor, which was all that the sheriff could rightfully appropriate to the use of the attaching creditor. So, where the defendant in replevin has only a special property as against the plaintiff, the fact may be insisted on in reduction of damages, for, if the value of the property exceeds his claim, he will be liable to the plaintiff for the excess. *Scrugham* v. *Carter*, 12 Wend. 131; Sedg. Dam. (5th Ed.) 500, 501. It would seem that any fact which the defendant is not estopped by the judgment to set up may in any case be availed of to limit the amount for which execution should equitably issue against him."

*Boutell* v. *Warne*, 62 Mo. 350; *Heaps* v. *Jones*, 23 Mo. App. 621.

The judgment is reversed, and a new trial ordered.

MOORE, C. J., and CARPENTER, J., concurred. MONTGOMERY, J., did not sit. GRANT, J., took no part in the decision.